LOUISE M. FREDENDALL, Respondent, and BEVERLY FREDENDALL, Plaintiff, *v.* ABRAHAM & STRAUS, INC., Appellant.

Submitted October 14, 1938; decided November 29, 1938.

*Walter G. Evans, H. Bradley Moore* and *James F. Clarity, Jr.,* for appellant.

*Myron Sulzberger, Jr.,* and *David Fogel* for respondent. Whether plaintiff exercised reasonable care in using the cleaning fluid was a question of fact for the jury to determine and sufficient evidence to raise such question was submitted to the jury at the trial. (*Bernstein* v. *Kritzer,* 253 N. Y. 410; *People* v. *Rosenzweig,* 265 N. Y. 323; *City of New York* v. *Wilson & Co.,* 278 N. Y. 86; *Henry* v. *Crook,* 202 App. Div. 19; *G. C. P. Fire Relief Assn.* v. *Sonneborn Sons,* 263 N. Y. 463; *Nelson* v. *Nygren,* 259 N. Y. 71; *Brinkerhoff* v. *Pennsylvania R. R. Co.,* 245 App. Div. 561; *Torgesen* v. *Schultz,* 192 N. Y. 156.)

*Per Curiam.* Plaintiff bought from defendant a gallon container of " Globe Quick-Dry Fluid for Dry Cleaning." A " caution " displayed thereon announced that " the fluid contains ingredients which produce vapors, which if inhaled in large amounts, may cause discomfort and distress " and that "ᴸwith reasonable care it can be used with absolute safety." Among other " precautions " suggested were the following: "Always clean and dry the garment outdoors or in a room well ventilated by a cross draft. The room should be as cool as possible. After cleaning, garments should be hung outdoors or in a well ventilated room with cross draft until thoroughly dry." Plaintiff read and understood these instructions.

She used nearly all the contents of the container in cleaning eight dresses. The cleaning was done in a small bathroom where the temperature was 83 degrees and

there was no cross-draft. As each dress was cleaned, it was hung up in the same room to dry. Plaintiff's husband, who was in an adjacent room, called out to her "that the odors were very strong and disagreeable." After she had been so engaged for forty-five minutes, plaintiff was made sick by the fumes of the fluid. A judgment against defendant for the consequent damages has been affirmed as modified. The action is in form one for breach of an implied warranty of merchantability.

We think the evidence conclusively shows that the plaintiff failed to use reasonable care in the use of the fluid and that this default was an essential cause of her illness. We do not pass upon any other question.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Judgments reversed, etc.