VERNON A. KOPP v. BERNARD C. RYCKMAN.
GLENN KOPP v. SAME.[1]

January 30, 1953.

Nos. 35,748, 35,749.

[1]Reported in 57 N. W. (2d) 31.

*Robins, Davis & Lyons* and *Harding A. Orren,* for appellants.
*Lauris G. Petersen,* for respondent.

MATSON, JUSTICE.

In each of two actions for damages arising from a collision between two motor vehicles, plaintiff appeals from an order granting defendant's motion for judgment notwithstanding the verdict.

The only issue is whether the trial court was justified in ordering judgment notwithstanding the verdicts on the ground of contributory negligence as a matter of law. The actions arise out of a collision between defendant's automobile and a tractor-trailer owned by plaintiff Vernon Kopp and driven by plaintiff Glenn Kopp. The accident occurred at about 8 a. m. on January 13, 1951, about two miles north of La Crescent, Minnesota, near a popular fishing place known as the Dresbach Dam. At the scene of the accident the concrete roadbed is 18 feet wide, runs practically in a north-and-south direction, and is flanked on the east side by a guardrail. Between

this guardrail and the concrete slab is a shoulder 5½ feet wide. At the time of the collision snowplows had pushed a bank of snow against the east guardrail. On the west side of the road is an entrance to a parking lot which customarily is used by fishermen. Approaching the immediate area of the accident from La Crescent the highway runs generally in an easterly direction; it then turns to the north and goes down a hill with a downward slope about 450 to 600 feet long. At the bottom of the incline the highway levels off for a short distance and then proceeds northward up another hill with an incline about 700 feet long. Near the top of this latter hill the highway turns to the west. The collision occurred on the level stretch between the two inclines. A freezing drizzle had coated the highway with a layer of slippery ice.

Both of the colliding vehicles had come through La Crosse and La Crescent and were proceeding north on highway No. 61. Defendant, who drove his own car, and his three companions were en route to Dresbach Dam to do some fishing. Defendant intended to park his car in the parking lot immediately to the west of the roadbed where the accident occurred. Plaintiff Glenn Kopp was driving in the same direction behind the defendant with his brother's (Vernon Kopp's) tractor-trailer unit which had an over-all length of 45 feet and a width of seven feet and ten inches. The trailer, designed to transport livestock, was empty. Glenn was returning from Prairie du Chien where the day before he had delivered a load of calves. Glenn could not see the defendant's car until he reached the crest of the hill immediately to the south of the point of collision. He started downhill at a speed of 30 to 35 miles an hour. As he cleared the hill crest he saw defendant's car at the bottom of the hill facing north in its proper traffic lane. After traveling about 100 feet down the hill, he first noticed that defendant's car was not moving and that it was parked on the east lane about 10 feet north of the entrance to the parking lot. Defendant made no signal to indicate what he intended to do.

At this time another vehicle was coming toward Glenn from the north in the west lane of travel. This southbound car was near the

top of the north incline about 800 or 900 feet distant from Glenn at the time Glenn first observed that defendant's car was not moving. Glenn testified that he did not apply his tractor brakes because if he had done so the tractor-trailer unit would have "jack-knifed." He did, however, apply the brakes on the trailer, and as he did so the trailer commenced to "fish-tail," *i. e., the trailer swung from one side of the icy pavement to the other.*

Defendant testified that, when he looked to the rear and saw the tractor-trailer coming down the hill in "fish-tail" fashion, he drove his car as far as he could out on the east shoulder. At least two feet of his car, however, remained on the pavement. When Glenn attempted to swing the tractor-trailer unit to the left of defendant's car, the trailer swung from the west side to the east side of the highway and struck defendant's car in such a manner that it was driven sideways about a foot and jammed against the east guardrail. As a result of the collision Glenn lost control of the tractor-trailer unit which plunged into a culvert ditch on the west side of the highway from 50 to 100 feet north of the point of impact.

The jury awarded plaintiff Glenn Kopp a verdict of $1,400 as damages for his personal injuries. Plaintiff Vernon Kopp was awarded $4,650 for damages to his tractor-trailer unit. Defendant's motion in each of the two actions for judgment notwithstanding the verdict was granted by the trial court on the ground that plaintiffs were guilty of contributory negligence as a matter of law for not exercising reasonable care in having the tractor-trailer unit under control.

No issue is raised as to the negligence of the defendant. The only question is whether plaintiffs are barred from recovery by contributory negligence as a matter of law. A further consideration of the evidence is necessary. Glenn Kopp testified that when he went through La Crosse it was raining, freezing, and icy and that when he applied the brakes his vehicle commenced to skid and slide. He said:

"* * * when I applied the brakes she started to slide a little bit and then I released them and tried the trailer brakes by them-

selves, *then I knew she was icy out for sure* because the trailer started to slide.

"Q. This was some distance before the accident?

"A. Yes. I went through the town of La Crosse and when I went to stop I knew it was icy." (Italics supplied.)

Again he said it was "awfully slippery" and admitted "it was very, very icy out." This condition of the road was known to him from the time he left La Crosse.

In addition to his knowledge of the icy and very slippery road surface, *Glenn candidly admitted that he actually knew that at the rate of speed he was traveling, if he applied his trailer brakes, the trailer would "fish-tail" and, if he applied both tractor and trailer brakes, the trailer would "jack-knife."* In effect he admitted that he could not safely control his vehicle if circumstances arose which required him to stop while proceeding downhill. He also was familiar with this section of highway No. 61 and knew that it had many turns and hill crests to cut off his view and that he would frequently have to go downgrade.

Vernon Kopp, the other plaintiff, was also an experienced truck driver. When asked to explain on redirect examination what caused a tractor-trailer unit to "fish-tail," he said:

"A. The fish-tail will not—unit will not fish-tail under any circumstances unless you apply the trailer brakes and one side of the road is lower than the other. You put on your brakes—your trailer brakes, your trailer will automatically slide to the low side, and when it slides to the low side if it hits an object it will bounce off the low side and go back to the high side and keep going that way until she hits on the high side and then she'll come back again.

"Q. Now, this proposition of fish-tailing involves ice or slippery conditions, doesn't it?

"A. That is right.

\* \* \* \* \*

"Q. Now, with respect to stopping this equipment, generally, on ice of this sort, *what happens if you were to apply the tractor brakes on slippery ice?*

"A. Well, you apply the tractor brakes and the trailer brakes together and you won't have no control at all. You will automatically start heading for the lowest side of the road.

"Q. With both units?

"A. With the whole unit as a whole."
(Italics supplied.)

Upon cross-examination Vernon said that under certain circumstances the "fish-tailing" will take place to a certain extent at five miles an hour.

What a man may reasonably anticipate is important and may be decisive in determining whether an act is negligent. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640. In most cases what the actor reasonably ought to have anticipated is left to the jury. No jury issue arises as to what a motor vehicle driver ought reasonably to have anticipated in the exercise of ordinary care (1) where the driver—here Glenn Kopp—admits that long before he reached the scene of the collision he actually knew that the highway was icy and very slippery; (2) where he further admits that he knew that at the speed he was driving he could not apply the brakes to the tractor without having the tractor-trailer unit "jack-knife" and could not apply the brakes to the trailer alone without having it "fish-tail," *i. e.,* swing from one side of the highway to the other; (3) where he knew that the highway had many curves, hill crests, and grades which reasonably made it necessary for him to rely upon his brakes because of the presence of other vehicles; (4) where he must reasonably have known and anticipated that he would have occasion to pass, or even to stop for, other vehicle drivers who, *because of the existing icy and slippery conditions,* would be driving at an abnormally slow rate of speed and who might actually stop preparatory to crossing the opposing traffic lane to reach a parking place or side road; and (5) where the resulting failure to keep the tractor-trailer unit under control contributed proximately to the collision. In the instant case it would have made no material difference whether defendant's car was

348

moving slowly or was actually standing still. Taking into consideration that the driver of the tractor-trailer unit knew that the highway was icy and very slippery, that he would reasonably have occasion to rely upon his brakes to keep the vehicle under control, and that he was driving at a speed which would cause him to lose control of the vehicle if he applied his brakes; it follows that reasonable minds functioning judicially could come only to the conclusion that he was guilty of contributory negligence. A person is guilty of contributory negligence as a matter of law if he knows of the existence of a condition which is dangerous to him and then acts without using ordinary care to avoid injury from such danger. See, Veaasen v. Pillsbury Flour Mills Co. 223 Minn. 396, 27 N. W. (2d) 413.

The orders of the trial court are affirmed.

Affirmed.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.