J. Irwin Shapiro, J.
My opinion in this case, handed down on June 3, 1966, appears in 50 Misc 2d 547. The third-party defendant Nissho American Corp. (Nissho) now moves to resettle the judgment entered on my decision “ so as to eliminate therefrom the claim over by Wilmod Company, Inc. against the Nissho American Corp., and providing in lieu thereof that the third-party complaint of Wilmod, as third-party plaintiff, against Nissho, as third-party defendant, be dismissed with costs ”.
Wilmod had purchased a quantity of nails (one of which was the defective nail which caused plaintiff’s injury) from Nissho. The nails were manufactured by Amagasaki Nail Works, Ltd., not a party to this action. It packaged them in a box bearing the legend
ONE POUND NET
MFRD IN JAPAN FOR
WILMOD CO. NYC
Wilmod, after purchasing the nails from Nissho, sold them to various distributors one of whom sold the box containing the offending nail to defendants Macrose, retail hardware dealers. The latter sold it to plaintiff.
After finding in favor of plaintiff against defendants Macrose I allowed a recovery over by Macrose against Wilmod on the warranty cause of action, saying that ‘ Wilmod, by detailing the specification for the nails and by then boxing them under its trade name, took such an active part in the manufacture that it must be held liable to the retailer, who has become liable to the purchaser, the plaintiff here, on the theory of breach of implied warranty” (p. 555). In connection with the claim of defendants Macrose against Wilmod on the theory of negligence I found that “ the negligence of Wilmod, which stands in the shoes of the manufacturer, is ‘ active ’ negligence ” (p. 559).
Nissho now contends that having found Wilmod to be guilty of ‘ ‘ active ’ ’ negligence I was in error in allowing it to recover over against Nissho on the theory of breach of implied warranty.
Succinctly stated the question thus presented by this motion is whether a purchaser (Wilmod) from a distributor (Nissho) who is held liable in negligence by the ultimate purchaser of the merchandise (plaintiff) and the retailer of the merchandise (Macrose) for selling a defectively manufactured article is *1057 barred from recovery over against Ms immediate distributor (Nissho) on a breach of Avarranty theory. In other AVords, does legal attribution to one of negligent conduct necessarily defeat his right to recover OA^cr for breach of Avarranty?
Many decisions in this State hold that the finding of negligence on the part of a claimant constitutes a complete defense against a Avarranty claim by him, but an analysis of such decisions reveals that Avliile the language of the opinions is couched in terms of “ negligence ” or “ contributory negligence ” the court, in each case, is really denying recovery because of plaintiff’s or claimant’s abnormal use of the product, and not because of a basic defect in the product itself. The ratio decidendi underlying the cases is that the “ essential cause” of the accident is the deciding factor in Avkether a recovery is permissible.
In Natale v. Pepsi-Cola Co. (7 A D 2d 282, 284), the court stated: “ The point is that defendant’s liability depends solely upon a breach of the implied Avarranty of merchantability. If the essential cause of the occurrence was something other than the breach of the implied warranty, no matter what, the defendant is not liable.” (Emphasis supplied.)
This Avas an action by the infant plaintiff for an injury sustained by a bursting soda bottle Avliich the plaintiff said he Avas attempting to open on a metal hasp of a gate at a school. The sole ground of liability presented to the jury against the retailer Avas the alleged breach of implied Avarranty of merchantability of the product. The court held (pp. 283-284) that on the issue of liability the charge of the trial court Avas too narrovv “ since it eliminated from the jury’s consideration the effect of the handling of the bottle betAveen the time of purchase and the time of the occurrence. The charge concerned itself entirely Avith the handling of the bottle by the infant plaintiff immediately prior to the occurrence. IIoAvcver, there was evidence of the manner of its handling betAveen the time of purchase and immediately prior to the occurrence Avhich should have been submitted to the jury together Avitk a charge conveying to them the fact that if the careless handling of the bottle between the time of its purchase and the time of the occurrence was an essential cause of the occurrence and injuries, then the plaintiff is not entitled to reco\Ter. (Fredendall v. Abraham & Straus, 279 N. Y. 146.) ”
My original opinion in this case makes it crystal clear that the cause of plaintiff’s injury Avas the original and basic defect in the manufacture of the nail. Applying the test set forth in Natale it is manifest that the essential cause of the accident was the manufacturer’s breach of implied warranty of fitness for *1058 use. The characterization of Wi'lmod’s failure to inspect the nail as “ active ” negligence must be read in context. It was not a finding of “ active ” negligence in the sense that what Wilmod did was the essential cause of the occurrence but rather that vis-a-vis plaintiff and defendants Macrose its negligence was “ as a matter of law, that of a manufacturer ” because it did not on the box of nails which it sold indicate the name of the manufacturer but stated that the nails were ‘ ‘ manufactured in Japan for Wilmod, Oo., NYC ”. The opinion makes it clear that it was that representation made to persons who purchased the nails from or through it that caused it to be considered a manufacturer so far as they were concerned.
Cases such as Natale and Fredendall (supra) do not preclude the recovery over here permitted against Nissho. In Fredendall, the court used the language of contributory negligence when it said (p. 148) “We think the evidence conclusively shows that the plaintiff failed to use reasonable care in the use of the fluid and that this default was an essential cause of her illness
An analysis of the opinion however indicates that the reason for denying the plaintiff a recovery was that ‘ ‘ A reasonable construction of the warranty limits it to the suitable and proper use of the machine, and in the absence of notice to the contrary, we think the vendor had a right to assume that the machine would be used in a lawful manner, and that the warranty was not intended to apply to anything but a lawful use ’Realistically appraised that decision, and others along the same lino, turn on the fact that the accident was not occasioned by reason of any wrongdoing or breach of warranty by the defendant but that plaintiff’s own negligence “was an essential cause of the occurrence and injuries ” which were sustained (Fredendall, supra). Such cases therefore are not authorities against the determination made by me on the claim over of Wilmod against Nissho for as between them the defendant Wilmod was not guilty of any act of default or negligence, either active or passive, and the product, the nail, was used exactly in the manner and for the purpose for which it was sold by Nissho to Wilmod,
That the Second Department was not applying the basic doctrine of contributory negligence to defeat a recovery where a suit is brought upon the theory of implied warranty but was using the doctrine of “ essential cause ’’ of the accident is indicated by its decision in Epstein v. Mullins & Sons (266 App. Div. 665, 666, affd. 292 N. Y. 535) where it stated: “In any event, since plaintiff admittedly had knowledge of the defective condition of the side rail which resulted in her injury, she *1059 cannot recover consequential damages caused by her use thereof, since such damages, under the Circumstances, were not proximately due to the breach of warranty. (Ellen v. Heacock, 247 App. Div. 476; Isbell-Porter Co. v. Heineman, 113 App. Div. 79; Razey v. Colt Co., 106 App. Div. 103; Bruce v. Fiss, Doerr Carroll Horse Co., 47 App. Div. 273.) ”
I therefore adhere to my original determination that Wilmod’s negligence — as to the plaintiff and defendants Macrose-^m putting the defective nails in commercial distribution under its own name does not bar recovery over against Nissho on the latter’s breach of its warranty. The justice of such a holding, it seems to me, can be made clear by assuming Amagas aid Nail Works, Ltd., to be a third or fourth-party defendant in this lawsuit. If that were the case, the theory urged upon me by Nissho, if accepted, would bar Wilmod from recovery over against the actual manufacturer of the nails on the theory of its, AVilmod’s contributory negligence in putting the defective nails into the stream of commerce under its own name without disclosing who truly was the manufacturer. Such a holding would place the loss on AVilmod and would exonerate the manufacturer of the nails, the primarily misfeasant party, a clearly unconscionable result.
Thus, while the movant’s contention is within the general language of the eases cited by it — if that language is considered in a vacuum and separate and apart from the actual facts passed upon — the rationale of those cases is simply a holding that a plaintiff may not recover when the “ essential canse ” of the injury is something which he himself did in using the product in an abnormal manner. That is not the case here.
The motion is in all respects denied.