**SALES AFFILIATES, INC., Appellant,**

v.

**L. A. McKISSON, Appellee.**

**No. 7641.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1966.

Rehearing Denied Nov. 7, 1966.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant, John D. Curtis, Amarillo, of counsel.

Wayne B. Barfield and J. Jerry Merchant, Amarillo, for appellee, Wayne B. Barfield, Amarillo, of counsel.

DENTON, Chief Justice.

This is a products liability case. Suit was brought by L. A. McKisson for injuries alleged to have been sustained by his wife from the use of a permanent wave preparation known as "Zoto's Lanolin Bath". Mrs. McKisson suffered scalp burns and loss of hair after applying the wave lotion. The defendant below was Sales Affiliates, Inc., the distributer of the product. Professional Beauty Products, a local beauty supply company which furnished the permanent wave preparation to Mrs. McKisson, is not a party to the suit.

The plaintiff's cause of action was based on a breach of implied warranties of fitness and merchantability, and negligence in the alternative. The trial court submitted the case to the jury on both the implied warranty and negligence issues. The jury found for the plaintiff on the implied warranty issue that the Zoto permanent wave was not reasonably fit for use as a permanent wave; that Mrs. McKisson was damaged as a result of using the product; and that the product was the proximate cause of the damages sustained. In response to the negligence issues the jury found: the defendant failed to provide adequate directions for the use of the product; that such failure was negligence, and a proximate cause of the injury. The jury further found the wave lotion in question should not have been applied to bleached hair; that a reasonably prudent beauty operator in the exercise of ordinary care would have known the lotion should not have been applied; that the application of the lotion to Mrs. McKisson's hair was negligence; and that such negligence was a proximate cause of her damages. The jury awarded plaintiff $1,000.00 damages. The trial court entered judgment for the plaintiff on the basis of the breach of implied warranty.

Appellant's first contention goes to the submission of the implied warranty issue. Their position is there are no allegations and proof establishing any privity between the parties, and as a matter of law the appellant could not be held liable for damages for a breach of an implied warranty. Mrs. McKisson was the owner and operator of a beauty shop. Although she was not a licensed operator herself she employed licensed operators to give permanent waves and to perform the various beauty shop services for her customers. The Zoto permanent wave preparation in question was given to Mrs. McKisson by a salesman of Professional Beauty Products Company as a promotion to encourage the use of Zoto products. Sales Affiliates, Inc., the defendant below, was the distributer of the product. This is evidenced only by the

labels on the bottles containing the preparation in question. There is no evidence who manufactured the product, but in our view there is no material distinction between manufacturer and distributer under the facts in this case. In any event, there was no privity between the parties hereto.

The basic question to be decided is whether or not the rule of implied warranty or liability without fault as set out in Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479 has application here, or stated differently, will that rule be extended to nonfood cases. The Texas Supreme Court has not so extended the Decker rule. This is so even though that court has, in the twenty-four years since the Decker case, had an opportunity to do so. As this court stated in Capetillo v. Crosby County Fuel Association, 407 S.W.2d 335, decided this date: "[T]he Supreme Court of Texas had not [as of February 1966] capitulated to the liability without fault doctrine outside the food cases."

In Brown v. Howard (Tex.Civ. App.) 285 S.W.2d 752; Ref. N.R.E. (1955), the court considered whether or not the rule of implied warranty as set forth in Decker had application to one formulating chemicals for use as a cattle spray. The court noted the Decker case and the authorities cited therein "disclose an emphasis upon 'food for human consumption' ". In refusing to extend the Decker rule the court said: "We feel unauthorized on the basis of the Decker case to recognize a further exception to the general rule and impose liability in this case absent privity of contract." The recent case of Cruz v. Ansul Chemical Company (Tex.Civ.App.) 399 S.W.2d 944; Ref. N. R. E. (1966) had to do with an alleged implied warranty of the fitness of a fire extinguisher. In refusing to apply strict liability without fault the court held: "Plaintiff's suit is based solely on allegations of a breach of alleged implied warranty not involving negligence. No privity of contract existed between Plaintiff and Ansul. We feel that the present law in Texas governing the suit as against defendant Ansul is set forth in Brown v. Howard, Tex.Civ.App., 285 S.W. 2d 752." The court then quotes extensively from the Brown case. The results of both the Brown case and Cruz case were approved by the Supreme Court. There is no Texas authority to the contrary. Unlike the Fifth Circuit Court of Appeals in Putnam v. Erie City Manufacturing Company, 338 F.2d 911 (1964), this court is not in a position to make "an Erie educated guess" and speculate whether the Texas Supreme Court will extend the rule of the Decker case to nonfood cases. In our judgment it is not proper for an intermediate appellate court to place Texas among those "enlightened jurisdictions" which have applied strict liability without privity in nonfood products liability cases. Under the presently existing Texas law, we conclude and so hold, the trial court erred in submitting the implied warranty doctrine and in rendering judgment on that basis.

We next turn to the alternative issue of negligence. As stated, the jury found Sales Affiliates was negligent in failing to provide adequate instructions for the use of the permanent wave, and that such negligence was a proximate cause of the plaintiff's damages. However, the jury also found the wave lotion should not have been applied to bleached hair; that a reasonably prudent beauty operator in the exercise of ordinary care would have known this to be true; and that the application of the lotion on Mrs. McKisson's hair was negligence and a proximate cause of her damages. It is uncontradicted that the lotion was applied by a licensed beauty operator. Mrs. McKisson had bleached hair and she testified she last bleached it in February before this incident occurred in April, and she knew certain hair lotions were not to be applied to bleached hair. The label on the bottle read: "For Normal or Resistant Hair". Mrs. McKisson testified bleached hair was not normal hair. We think the probative evidence amply supports the jury

findings in respect to contributory negligence. It is fundamental that in common law negligence actions, contributory negligence is an absolute defense. 40 Tex.Jur. 2d Negligence, Section 97, page 602 and authorities cited. However, the question to be decided here is whether the finding of contributory negligence bars appellees' right to recover where the cause of action is based on implied warranty as submitted to the jury here. We have not found or been cited to any Texas case directly passing on this question.

As we interpret the present status of our position, Texas is not a "strict liability jurisdiction" in products liability cases except those dealing with food. However, the question of whether or not contributory negligence is available as a defense in products liability cases presents no novel question except in the sense it has not been directly passed upon in Texas. If liability in such cases is established on the basis of negligence on the part of the defendant, contributory negligence on the part of the plaintiff becomes, as a general rule, a bar to recovery. However, even in so called "strict liability" jurisdictions such as New Jersey and New York, among others, the courts have held contributory negligence may be utilized as a defense in breach of warranty cases. Cintrone v. Hertz Truck Leasing & Rental Service, 45 N.J. 434, 212 A.2d 769; Fredendall v. Abraham & Straus, 279 N.Y. 146, 18 N.E.2d 11 (Ct.App.1938). In Maiorino v. Weco Products Company et al., 45 N.J. 570, 214 A.2d 18, the New Jersey Supreme Court was considering a consumer's action against a toothbrush manufacturer—packager and retailer for injuries sustained in opening a glass container in which the new toothbrush was packaged. The case was presented against the manufacturer and packager on both the issues of negligence and breach of warranty. The defense of the plaintiffs' contributory negligence was also submitted to the jury. In approving the submission of the issue of contributory negligence the court said:

"* * * Simply stated, we are of the view that where a plaintiff acts or fails to act as a reasonably prudent man in connection with use of a warranted product or one which comes into his hands under circumstances imposing strict liability on the maker or vendor or lessor, and such conduct proximately contributes to his injury, he cannot recover. In short, in our judgment the well known principle of contributory negligence in its broad sense is sufficiently comprehensive to encompass all the variant notions expressed in the cited cases as a basis for refusing plaintiff a recovery when his own lack of reasonable care joined or concurred with the defect in the defendant's product as a proximate cause of the mishap and his injury. A manufacturer or seller is entitled to expect a normal use of his product. The reach of the doctrine of strict liability in tort in favor of the consumer should not be extended so as to negate that expectation."

Other jurisdictions which have been classified as so called "not strict jurisdictions" such as Texas, have also held in products liability cases that a party cannot recover for a loss that he could have averted by the exercise of due care whether the contention be termed assumption of risk or contributory negligence. Dallison v. Sears, Roebuck & Company, 313 F.2d 343 (10th Circuit); Barefield v. LaSalle Coca-Cola Bottling Company, 370 Mich. 1, 120 N.W.2d 786; Gardner v. Coca-Cola Bottling Company of Minnesota, 267 Minn. 505, 127 N. W.2d 557; Nationwide Mutual Insurance Company v. Don Allen Chevrolet Company, 253 N.C. 243, 116 S.E.2d 780.

█ It is fundamental in our practice that a defendant is entitled to have the jury instructed on his pleaded defense if supported by competent evidence. Knutson v. Ripson, 163 Tex. 312, 354 S.W.2d 575. Rule 279, Texas Rules of Civil Procedure. Implied warranty is clearly grounded in tort. This is apparent from the language of the Decker case. So the ultimate question here

is whether or not the defense of contributory negligence is available in the products liability case which is based on breach of implied warranty.

■ There was evidence to support the jury findings that the plaintiff's wife was contributorily negligent in using the wave lotion on her bleached hair; and her failure to use ordinary care in applying the lotion. This evidence establishes the misuse of the product which brought about the personal injury complained of. To permit a recovery here would be allowing recovery for a loss that could have been averted by the exercise of ordinary care. The evidence supports the jury finding that this degree of care was not exercised by appellee's wife. We are therefore of the opinion we are constrained to follow the above cited authorities and hold the finding of contributory negligence of Mrs. McKisson and its proximate cause of her damages results in a bar to her recovery for such damages.

Our disposition of the points of error discussed makes a discussion and determinations of other points unnecessary.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing.

NORTHCUTT, Justice (concurring).

I concur in the result reached in the above opinion but I do not understand that the holding in the case of Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479 applies only to food cases. I construe the case to hold it applies to articles that are injurious to human health or life. In considering the rule of implied warranty or liability without fault the court stated: "Liability in such case is not based on negligence, nor on a breach of the usual implied contractual warranty, but on the broad principle of the public policy to protect human health and life." As I construe the holding of that case is that the implied warranty, so called, reaching from the manufacturer of articles to the ultimate purchaser for immediate use is in the nature of a representation that the highest degree of care has been exercised and is fit for the use for which it is sold, and if used as directed, it will not harm human health or life. For example, I am unable to distinguish the difference in effect of human suffering when a person uses an eye-wash solution that caused blindness and from sickness caused by eating improper food.