## UANITTA BATES v. ROOT-LOWELL MANUFACTURING COMPANY.

149 N. W. (2d) 507.

March 17, 1967—No. 40,780.

---

*Scallen, Farnes, Evidon & Harder*, for appellant.

*Mahoney & Mahoney, Richard P. Mahoney*, and *John F. Angell*, for respondent.

SHERAN, JUSTICE.

Appeal from a judgment.

On September 26, 1957, plaintiff sustained injury while using defendant's product. An action instituted to recover the consequent damage yielded a verdict for plaintiff. The only question here is whether this result is sustained by the evidence.

Defendant, Root-Lowell Manufacturing Company, manufactured and placed in the channels of commerce a bug sprayer described in this way:

"* * * It is of a common design whereby an airtight plunger is pushed and pulled through a tube closed at one end except for a pinhole. The alternating changes in air pressure immediately outside the pinhole cause liquid insecticide to be drawn up a small tube from a bottle mounted immediately thereunder, and to be expelled as a fine mist."

It is conceded by defendant that the particular sprayer involved here was defective. The rubber plunger placed in it had not been manufactured to specification and the plunger assembly had not been lubricated. Consequently, according to plaintiff's expert witness, 15 pounds of pressure, rather than the .25 to .40 pound required to operate sprayers manufactured by defendant in which the plunger met specification and had been lubricated, were needed to pump the plunger back and forth.

Plaintiff purchased the sprayer early in September 1957. She tried to use it the following day and it would not work. She attempted to operate it a week later and was unable to do so. On September 26, 1957, she had occasion to use the sprayer once again. The plunger could not be moved when she grasped the tube with one hand and attempted to operate the plunger handle with the other. Then, fixing the tube in her right hand and the glass bottle holding the insecticide

liquid in her left, she pulled the plunger handle against her chest with both hands. She described the pressure actually exerted as very little, but as intended to be greater than could be obtained through the normal method of operation familiar to her personally and previously attempted by her, whereby one hand grasps the tube while the other pushes and pulls the handle of the plunger. The glass insecticide bottle broke under the strain and its jagged edge cut her left hand.

There were no instructions or warnings accompanying the sprayer.

The glass bottle portion of the device is ribbed. There is no evidence that plaintiff knew that the bottle would break from the pressure exerted. The bottle was green and its thickness thus concealed.

The issues of negligence on the part of defendant and contributory negligence and assumption of risk on the part of the plaintiff were submitted to the jury and decided by a general verdict in plaintiff's favor.

We do not find any Minnesota decision precisely in point. The general considerations applicable where contributory negligence and assumption of risk are asserted as defenses in an action for personal injuries are set out in Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 147 N. W. (2d) 561.

We do not agree with defendant's contentions that the conduct of the plaintiff as described in the statement of facts constitutes either contributory negligence or assumption of risk as a matter of law. The jury could find that it was reasonable for the plaintiff to think that she could apply the pressure which was applied in this instance without danger of injury, particularly in view of evidence that another sprayer manufactured by this same defendant was subjected to greater pressure than that applied by plaintiff at the time of her injury with no harm resulting. There is no evidence that plaintiff knew of any defect in the glass spray container which caused the accident or of any preferable alternative method of trying to make defendant's product operative. The following decisions of this court together with the authorities cited therein are relevant. Liebelt v. Krause, 235 Minn. 547, 51 N. W. (2d) 667; Kopp v. Ryckman, 238 Minn. 342, 57 N. W. (2d) 31; Lovejoy v. Minneapolis-Moline Power Imp. Co. 248 Minn. 319, 79 N. W. (2d)

688; Bridges v. Hillman, 249 Minn. 451, 82 N. W. (2d) 615; Johnson v. West Fargo Mfg. Co. 255 Minn. 19, 95 N. W. (2d) 497; Hacker v. Berkner, 263 Minn. 278, 117 N. W. (2d) 13; Peterson v. Modjeski, 263 Minn. 413, 117 N. W. (2d) 237; Gardner v. Coca Cola Bottling Co. 267 Minn. 505, 127 N. W. (2d) 557; Sarsfield v. St. Mary's Hospital, 268 Minn. 362, 129 N. W. (2d) 306; Erickson v. Quarstad, 270 Minn. 42, 132 N. W. (2d) 814.

Affirmed.