WILLIAM F. McANDREW, INDIVIDUALLY AND AS GUARDIAN *AD LITEM* OF ROBERT McANDREW, AN INFANT, AND FRANCES McANDREW, PLAINTIFFS-APPELLANTS, v. ANDREW MULARCHUK, *ET AL.*, DEFENDANTS, AND BOROUGH OF KEANSBURG, A MUNICIPALITY, DEFENDANT-RESPONDENT.

Argued March 5, 1962—Decided July 2, 1962.

158

Mr. *Prospero DeBona* argued the cause for plaintiffs-appellants (*Messrs. Milton and Keane,* attorneys; *Mr. DeBona,* of counsel).

Mr. *James L. Melhuish* argued the cause for defendant-respondent (*Messrs. Doyle, Galvin, French & Melhuish,* attorneys; *Mr. Melhuish,* of counsel).

The opinion of the court was delivered by

SCHETTINO, J. This appeal is from an order of the trial court granting a motion striking compensatory damages as an issue in a new trial which was directed by our former opinion in this cause. 33 *N. J.* 172 (1960). Defendant's motion was based upon the theory that at the original trial the jury had ascertained by its verdict the amount of compensatory damages regardless of who caused the injury and that plaintiffs, having once tried this issue, could not retry it before another jury.

A short summary of the litigation leading up to this appeal is as follows. Robert McAndrew, an infant, was wounded by a bullet fired by defendant Mularchuk, a reserve police officer of the defendant Borough of Keansburg. His father, plaintiff William F. McAndrew, as guardian *ad litem,* brought an action against both the policeman and the municipality for personal injuries to Robert. Mr. McAndrew and his wife, plaintiff Frances McAndrew, sought consequential damages as parents of Robert.

Evidence was submitted at the trial from which it could be inferred that the wounding resulted either from a shot

fired directly at the fleeing Robert McAndrew or from one aimed at the ground which ricocheted. Defendant municipality moved for an involuntary dismissal at the end of plaintiffs' case and the trial court reserved decision. At the end of the entire case, the trial court dismissed the action against Keansburg.

The jury returned a verdict against Mularchuk, assessing compensatory damages of $1,500 to Robert, $1,500 to his parents, and punitive damages of $5,000 to Robert.

Among the defendants was Shirley Siegel doing business as the Club Miami. She was sued in the capacity of employer of Mularchuk. A verdict of no cause of action was returned in favor of Shirley Siegel and plaintiffs did not appeal from that portion of the judgment.

On appeal of the dismissal as to Keansburg, the Appellate Division reversed. 56 *N. J. Super.* 219 (1959). We affirmed the Appellate Division, holding that the proof might sustain the municipality's liability on two theories (33 *N. J.,* at *p.* 196) : the first, "active wrongdoing in authorizing Mularchuk, when on duty, to carry a revolver without any training or adequate training in its handling and use"; or the second, "under the doctrine of *respondeat superior* for the negligent act of commission of Mularchuk, or his wrongful intentional act in -shooting McAndrew, committed during the course and scope of his police duty."

Prior to the new trial, Keansburg moved as stated above and when the trial court granted the motion, plaintiffs moved before the Appellate Division for leave to appeal the interlocutory determination. The motion was denied. When plaintiffs moved similarly before us, we granted the motion. *R. R.* 1:2–3.

Plaintiffs contend that to bind them on the issue of compensatory damages is to ignore the rule requiring mutuality of estoppel, citing *Miller v. Stieglitz,* 113 *N. J. L.* 40, 44–45 (*E. & A.* 1934). As we understand the authorities, the rule is that an estoppel by judgment is mutual if both litigants are concluded by the judgment—otherwise it

binds neither. Expressed in another form the estoppel effect of the judgment operates mutually if the person taking advantage of the judgment would have been bound by it had it gone the other way. But it has also been stated that there is "an established and clear exception to the rule to the effect that 'If the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel even though he would not have been bound by it had it been the other way.'" *Coca-Cola Co. v. Pepsi-Cola Co.*, 6 *W. W. Harr.* 124, 36 *Del.* 124, 172 *A.* 260, 261–262 (*Super. Ct.* 1945). See also Note, "Developments In The Law—*Res Judicata*," 65 *Harv. L. Rev.* 818, 862, 863, 864 (1952).

█ We first consider the general nature of a verdict assessing compensatory damages. Theoretically, compensatory damages involve the *quantum* of hurt to a plaintiff resulting from an injury regardless of who caused the injury from which the damages spring. As stated in *Betcher v. McChesney*, 255 *Pa.* 394, 100 *A.* 124, 125–126 (*Sup. Ct.* 1917):

"* * * It was a single injury that was suffered, a single tort that caused it, and a single compensation that was claimed. Every * * * element that entered into the admeasurement of the damages in order to determine the compensation, * * * [was] * * * adjudicated in the action * * * brought by the plaintiff against the defendant's servant."

█ Here, one act alone—the shooting by Mularchuk—caused the injury. True, this act may have stemmed from a breach of duty on the part of Mularchuk or from a breach of different duties by Keansburg combined with Mularchuk's negligence or active wrong-doing in shooting Robert McAndrew. But only one set of injuries resulted from the shooting and the liability of Keansburg, even if it is

guilty of concurrent fault, ultimately does depend upon the conduct of Mularchuk. *Vaniewsky v. Demarest Brothers Co.,* 106 *N. J. L.* 34 *(Sup. Ct.* 1929), affirmed on opinion below, 107 *N. J. L.* 389 *(E. & A.* 1931).

We must assume that in the former trial plaintiffs completely tried the issue of compensation. All parties submitted their proofs in full. Compare *Pinnix v. Griffin,* 221 *N. C.* 348, 20 *S. E. 2d* 366 *(Sup. Ct.* 1942); Annot., 141 *A. L. R.* 1168 (1942). The jury determined that plaintiffs suffered to the extent of $3,000 in compensatory damages and plaintiffs did not attack the sufficiency of the verdict. Generally the question to be decided is whether a party has had his day in court on an issue, rather than whether he has had his day in court on that issue against a particular litigant. Note, "Developments In The Law— *Res Judicata,*" 65 *Harv. L. Rev. supra,* at *pp.* 857, 862 (1952). *Cf. Harding v. Carr,* 79 *R. I.* 32, 83 *A. 2d* 79, 82 *(Sup. Ct.* 1951); *Cantrell v. Burnett & Henderson Co.,* 187 *Tenn.* 552, 216 *S. W. 2d* 307, 310 *(Sup. Ct.* 1948); *Coca-Cola Co. v. Pepsi-Cola Co., supra.*

For these reasons, Keansburg correctly contends that plaintiffs are bound by the verdict they obtained against Mularchuk. But, Keansburg, of course, may not rely upon only a part of that verdict. If it chooses to accept the verdict, it must accept it in its entirety. Hence, Keansburg, upon such reliance, could not contend that (1) the damages in fact were *less* than the amount of the verdict; (2) Mularchuk was not guilty of wrongful conduct; (3) Robert Mc-Andrew was guilty of contributory fault, or (4) Mularchuk was acting as the servant of Shirley Siegel (Club Miami) in whose favor that issue was decided by the same verdict. *Cf. Kelley v. Curtiss,* 16 *N. J.* 265 (1954); *Salitan v. Magnus,* 62 *N. J. Super.* 323 *(App. Div.* 1960), certif-denied 33 *N. J.* 388 (1960); Note, "Developments In The Law—*Res Judicata,*" 65 *Harv. L. Rev. supra,* at *pp.* 862, 863, 864.

Thus, in view of Keansburg's election, the issues it may contest are (1) whether Mularchuk was an employee of Keansburg at the time of the incident and was acting within the scope of his employment when he shot Robert McAndrew, and (2) whether Keansburg was guilty of active wrongdoing in authorizing Mularchuk to carry a gun without any or adequate training in its handling and use, which proximately contributed to the injury. If a jury finds in favor of plaintiffs on either issue, a verdict must be returned for plaintiffs in the amount of $3,000.

Affirmed, costs to abide the outcome of the retrial.

JACOBS, J., concurs in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.