MICHAEL MAIORINO, PLAINTIFF-APPELLANT, v. WECO PRODUCTS COMPANY, A CORPORATION, *ET AL*, DEFENDANTS-RESPONDENTS.

Argued September 29 and 30, 1965—Decided October 25, 1965.

Mr. *Samuel A. Larner* argued the cause for plaintiff-appellant (*Messrs. Budd, Larner & Kent,* attorneys).

Mr. *H. Curtis Meanor* argued the cause for defendants-respondents (*Messrs. Lamb, Blake, Hutchinson & Dunne,* attorneys).

The opinion of the court was delivered

PER CURIAM. On June 3, 1958 the plaintiff Michael Maiorino suffered a lacerated left wrist while undertaking to open a glass container in which a new toothbrush was packaged. The toothbrush was manufactured and packaged by Weco Products Company, an Illinois corporation. It was purchased by Maiorino's sister at his request on or about May 24, 1958 from a retailer, Ira I. Schwarz, Sylvan S. Schwarz and Joel J. Schwarz, partners, doing business as Schwarz Druggists. On March 28, 1961 Maiorino sued Weco charging negligence in packaging the toothbrush, and breach of implied warranty of merchantability and of fitness of the product for use. The partnership, Schwarz Druggists, was sued also and likewise charged with negligence in the handling and sale of the toothbrush, and with breach of the same implied warranties of merchantability and fitness. After trial the case was sent to the jury against Weco on the issues of negligence and breach of warranty; and against Schwarz Druggists on breach of warranty alone. In addition, the trial court submitted the defense of plaintiff's contributory negligence to the jury for determination. The jury returned a verdict of no cause of action as to both defendants. The parties have stipulated that "when the jury returned with a verdict * * * the forelady stated in substance that the jury found contributory negligence on the part of the plaintiff." The full and exact language used by the forelady in announcing the verdict does not appear in the record.

Plaintiff appealed to the Appellate Division and we certified the matter on our own motion before it was argued there.

Reversal of the judgment for the defendants is sought on two grounds: (1) it was error to submit the issue of plaintiff's contributory negligence to the jury on the alleged breach of warranty cause of action and (2) the trial judge erred in failing properly to instruct the jury in his main charge on the subject of implied warranty of fitness or merchantability and the nature of a cause of action for breach thereof.

We find no merit in the second contention. Although the framework and sequence of discussion might have been constructed in more orderly fashion, it is plain to us that the warranty issue was explained adequately to the jury, largely in the substantive terms proposed by plaintiff in his requests to charge. Considered as a whole, we see no prejudicial error in the court's treatment of the matter.

The claim of error in the charge on contributory negligence seems to have two facets. Plaintiff says such negligence is not available as a defense to a cause of action predicated on breach of warranty and should not be submitted to the jury for determination. And he urges that contributory negligence should be charged out of the case—certainly, when, as here, such a request is presented by a plaintiff.

The question whether contributory negligence may be utilized as a defense in breach of warranty cases is no longer open. We concluded recently in *Cintrone v. Hertz Truck Leasing, etc.*, 45 *N. J.* 434, 457–459 (1965), that such defense may be raised and if established, it constitutes a bar to plaintiff's recovery.

As we pointed out in *Cintrone*, the authorities in various jurisdictions are in confusion and seeming conflict on the subject of availability of the defense of contributory negligence in products liability cases based on breach of express or implied warranty of fitness. The various texts and cases referred to therein reveal that most jurisdictions bar plaintiff's recovery where his misuse or abuse of the product in combination with a defect in the product, brings about his personal injury, or where he continued to use the product with knowledge, actual or constructive, of its defective condition, or where the mishap and consequent injury resulted from failure to follow use directions to which his attention was plainly called; and the like. The defensive concept has been expressed at times in terms of assumption of risk, that a party cannot recover for a loss that he could have averted by the exercise of due care, and by contributory negligence. See *Dallison v. Sears, Roebuck & Co.*, 313 *F. 2d* 343 (10 *Cir.*

1962); *Barefield v. LaSalle Coca Cola Bottling Co.*, 370 *Mich.* 1, 120 *N. W. 2d* 786 (*Sup. Ct.* 1963); *Gardiner v. Coca Cola Bottling Company of Minnesota*, 267 *Minn.* 505, 127 *N. W. 2d* 557 (*Sup. Ct.* 1964); *Nelson v. Anderson*, 245 *Minn.* 445, 72 *N. W. 2d* 861 (*Sup. Ct.* 1955); *Fredendall v. Abraham & Straus*, 279 *N. Y.* 146, 18 *N. E. 2d* 11 (*Ct. App.* 1938); *Natale v. Pepsi-Cola Co.*, 7 *App. Div. 2d* 282, 182 *N. Y. S. 2d* 404 (*App. Div.* 1959); *Razey v. J. B. Colt Co.*, 106 *App. Div.* 103, 94 *N. Y. Supp.* 59 (*App. Div.* 1905); *Nationwide Mutual Ins. Co. v. Don Allen Chevrolet Co.*, 253 *N. C.* 243, 116 *S. E. 2d* 780 (*Sup. Ct.* 1960).

■■ When considering the problem of effect of plaintiff's own conduct we became convinced that in the concept of liability in warranty or strict liability cases there is nothing to justify holding the defendant responsible for the consequences of plaintiff's own proximate contributory carelessness. If such carelessness cannot be separated from the consequences of defendant's breach of warranty or breach of the duty which gives rise to strict liability, in justice plaintiff cannot be permitted to recover for his personal injury and sequential damages. Simply stated, we are of the view that where a plaintiff acts or fails to act as a reasonably prudent man in connection with use of a warranted product or one which comes into his hands under circumstances imposing strict liability on the maker or vendor or lessor, and such conduct proximately contributes to his injury, he cannot recover. In short, in our judgment the well known principle of contributory negligence in its broad sense is sufficiently comprehensive to encompass all the variant notions expressed in the cited cases as a basis for refusing plaintiff a recovery when his own lack of reasonable care joined or concurred with the defect in the defendant's product as a proximate cause of the mishap and his injury. A manufacturer or seller is entitled to expect a normal use of his product. The reach of the doctrine of strict liability in tort in favor of the consumer should not be extended so as to negate that expectation.

■■ In the present case in our view the trial court was correct in sending the contributory negligence issue to the jury. As already noted, plaintiff's claim against Weco was based upon negligence and breach of warranty. The court's charge on contributory negligence related to both causes of action. On this appeal it is not urged that there is no proof in the record to create a factual issue of contributory negligence for jury determination on the negligence count. Appellant's brief sets out the problem to be determined as follows: "The question therefore presented for review by this court is whether contributory negligence is a defense to an action based on the strict liability arising out of strict warranty." This is a sensible recognition of the realities of the situation. As we view the evidence, not only was the credibility of plaintiff's version of the manner in which he received his injury sharply in issue, but, even assuming a defect in the packaging of the toothbrush, on all the proof in the case the inferences were such as to permit the jury reasonably to find that plaintiff's own conduct in handling and attempting to remove it from the glass container exhibited such lack of reasonable care as concurred proximately in producing the mishap and his injury.

The judgment is affirmed.

HALL, J., concurring in result.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and HANEMAN—6.

*For reversal*—None.