100 N.J. Super. 515 (1968)
242 A.2d 663
DONALD ETTIN, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
AVA TRUCK LEASING, INC., DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
DONALD ETTIN, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
SWEETS CO. OF AMERICA, INC., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1968.
Decided May 3, 1968.
*519 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Gerald Conway argued the cause for Defendant-Appellant and Cross-Respondent, Ava Truck Leasing, Inc. (Messrs. Schreiber & Lancaster, attorneys).
Mr. William V. Roveto argued the cause for Defendant-Respondent and Cross-Appellant, Sweets Co. of America, Inc. (Messrs. Moser, Roveto & McGough, attorneys).
Mr. Bernard Chazen argued the cause for Plaintiff-Respondent and Cross-Appellant (Messrs. Baker, Garber, Chazen & Duffy, attorneys; Mr. Nathan Baker, of Counsel).
The opinion of the court was delivered by LEONARD, J.A.D.
Involved herein are two separate personal injury motor vehicle accident cases which were instituted by plaintiff against separate defendants and consolidated for trial.
On April 4, 1961, at or about 3:30 P.M., plaintiff, a salesman for Feldman Food Products, was operating a truck leased from defendant Ava Truck Leasing, Inc. (Ava) in a southerly direction on Park Avenue in Hoboken when he collided with a parked tractor-trailer from which merchandise was being delivered to the plant of defendant Sweets Co. of America, Inc. (Sweets).
Plaintiff testified that immediately before the accident he had traversed the crest of the Park Avenue Bridge. As he was descending the bridge at or about 20 to 25 miles per hour, he allegedly noticed the tractor-trailer parked across the sidewalk fronting Sweets' warehouse. The tractor-trailer was blocking both lanes of southbound traffic on Park Avenue.
*520 Plaintiff further testified that he attempted to apply his foot brake, but that the brake went down "flat against board." Purportedly, he then started pumping his brake, but "nothing resulted from that." Plaintiff stated that he attempted to shift into a lower gear, but was unable to do so. He asserted that he tried to apply his hand emergency brake, but could not slow his truck by such a procedure.
Plaintiff related that he had noticed that several cars were stopped behind the parked tractor-trailer. These cars, according to plaintiff, could not go around the tractor-trailer because of heavy northbound traffic on Park Avenue. Plaintiff testified that he could not move his truck into the left lane because such a maneuver would have produced a head-on collision with an automobile in the northbound traffic. Had plaintiff proceeded straight, he allegedly would have hit the rear of one of the cars stopped on account of the trailer. This, according to plaintiff, would have set up a "chain reaction of several cars." Therefore, plaintiff chose to pull to the right into the slow lane and crash into the center of the side of the trailer.
Originally, plaintiff instituted an action against Ava, Ventre Trucking Company (Ventre), Pan Atlantic Steamship Corporation (Pan Atlantic) and Kelly Mitchell (Mitchell). Ventre and Pan Atlantic allegedly had proprietary interests in the tractor-trailer. Mitchell was the operator of the parked vehicle at the time of the accident.
Plaintiff dismissed his action against Pan Atlantic. The jury returned a verdict of $9000 in favor of plaintiff against Ava and verdicts of no cause of action in favor of defendants Ventre and Mitchell. However, the trial court granted Ava a new trial, a decision which we affirmed. Plaintiff has never appealed from the judgments in favor of defendants Ventre and Mitchell.
Plaintiff also brought an independent action against Sweets, alleging that Sweets "directed and participated in the improper and illegal [negligent] parking" of the tractor-trailer *521 at its plant, and that Sweets, in so doing, created and maintained a public nuisance.
The suit against Sweets was consolidated with the retrial of plaintiff's action against Ava. At the close of the trial of the consolidated actions, the jury returned a verdict for $17,000 in favor of plaintiff and against both Ava and Sweets. Both defendants moved before the trial court for judgments n.o.v. or, in the alternative, for a new trial. Ava at this time also moved to amend its answer to assert a cross-claim for contribution against Sweets. It had not previously asserted such a claim.
The trial judge granted Sweets' motion for judgment n.o.v. on the ground of collateral estoppel but denied its motions for a new trial and judgment n.o.v. to the extent that they were based on the alleged failure of plaintiff to make out a prima facie case of negligence against Sweets and on purported trial errors. All of Ava's motions were denied.
Ava appeals from the judgment of the trial court against it, and from the denial of its motions for a new trial, and from the denial of its motion for permission to amend its answer to assert a cross-claim against Sweets. Ava also appeals from the judgment n.o.v. entered in favor of Sweets and against plaintiff.
Sweets, "in order to protect its rights and interests" in the event of a reversal of its judgment n.o.v., cross-appeals from the judgment rendered against it based upon the jury verdict for plaintiff and from the partial denial of its motions for judgment n.o.v. and for a new trial.
Plaintiff, "for protective purposes", cross-appeals from the judgment n.o.v. entered in favor of Sweets.

I
We consider first Ava's appeal from the judgment in favor of plaintiff and from the trial court's denial of Ava's post-trial motions with respect thereto.
Initially, Ava contends that the trial court erred in striking the issue of contributory negligence as a defense to *522 the breach of warranty claim against it, refusing to charge the jury on contributory negligence as a possible defense for Ava, and depriving Ava of the right to be heard on that defense in summation to the jury.
Plaintiff's complaint and the pretrial order charged Ava with both negligence and breach of warranty. Ava in its answer and in the pretrial order asserted that plaintiff was guilty of contributory negligence. In the openings plaintiff made reference to both theories of liability against Ava, and the latter raised the issue of plaintiff's contributory negligence.
However, after the close of the evidence and prior to summations and charge, plaintiff moved to abandon his negligence claim against Ava and stated that he would proceed against Ava solely upon the theory of breach of implied warranty. Upon the court's dismissal of the negligence count against Ava, plaintiff moved for a dismissal of Ava's contributory negligence defense. This motion was granted, the court being of the opinion that the only form of contributory negligence that could be a defense to a breach of warranty claim was that comparable to assumption of risk.
The trial court erred in striking the defense of contributory negligence from plaintiff's breach of warranty action against Ava. See Maiorino v. Weco Products Co., 45 N.J. 570, 573-575 (1965). Contributory negligence in its broad sense is a defense to a strict liability claim. Maiorino, supra, at p. 574. See also Tanga v. Tanga, 94 N.J. Super. 5, 11 (App. Div. 1967). Therefore, the portion of the lower court's charge which specifically stated that contributory negligence was not a defense to plaintiff's action against Ava was erroneous.
However, despite this we hold that Ava is not entitled to overturn the judgment below. Under the unique circumstances here present the affirmance of the judgment is not a denial of substantial justice to Ava. See R.R. 1:5-3 (b); R.R. 2:5.
*523 The issue of plaintiff's contributory negligence was submitted to the jury in the consolidated action of plaintiff against Sweets, and an appropriate charge on behalf of Sweets was given regarding that defense. The jury, by rendering a verdict in favor of plaintiff and against Sweets, necessarily made a determination that plaintiff was not contributorily negligent.
As previously noted, the contributory negligence defense was not stricken from Ava's answer until all the testimony had been adduced. Counsel for both Ava and Sweets each thoroughly cross-examined plaintiff as to his driving and as to whether plaintiff knew or should have known that the brakes of his truck were defective. Ava does not contend that there could be any way, under the evidence submitted, that plaintiff could have been contributorily negligent as to it and not as to Sweets. Thus we have no reason to doubt that if the issue of plaintiff's contributory negligence had been properly submitted in Ava's case, the jury's verdict would have been the same, i.e., that plaintiff was free from contributory negligence.
Ava's argument that it was prejudiced by the denial of an opportunity to address the jury in summation as to this issue is without merit. Its counsel was not deprived of a closing. Therefore Aladdin Oil Burner Corp. v. Morton, 117 N.J.L. 260 (Sup. Ct. 1936), on which it relies, is inapposite. In his summation Ava's counsel spent considerable time discussing the manner in which plaintiff operated his truck, commented upon the evidence regarding when plaintiff first saw the parked tractor-trailer, and referred to plaintiff's inconsistent testimony concerning this factual issue. Likewise, Sweets' attorney, in his closing, specifically mentioned plaintiff's contributory negligence as an issue in the case and also discussed in detail the evidence pertaining to plaintiff's operation of his truck. Sweets' counsel raised the questions of when plaintiff first saw the tractor-trailer, why plaintiff failed to turn right at the bottom of the hill and use an open lane, whether plaintiff had been speeding and whether plaintiff *524 had failed to properly control his vehicle. The attorney for Sweets also referred to the alleged inconsistencies in plaintiff's testimony.
The true issue here present is whether the lower court's striking the defense of contributory negligence was prejudicial to Ava. Ava's charge that it was precluded from a summation on this issue is purely a theoretical one. Since, as above noted, the jury found plaintiff was not guilty of contributory negligence, we conclude that on this point Ava has not demonstrated any prejudice mandating a reversal. Cf. Panko v. Grimes, 40 N.J. Super. 588, 599 (App. Div. 1956). It is fanciful to assume that Ava's counsel, by summation on this issue, could have swayed the minds of the jurors under the facts here present. Ava had nothing to advance on this issue beyond that which was already placed before the jury.
Ava next contends that the trial court improperly and erroneously limited the scope of its cross-examination of plaintiff on the factual issue of how far plaintiff was from the tractor-trailer when he first saw that vehicle. We deem this point to be of no merit. The extent of cross-examination lies in the sound discretion of the trial judge. See, e.g., Graf v. Folarno, 99 N.J. Super. 173, 176 (App. Div. 1968); State v. Steele, 92 N.J. Super. 498, 503-504 (App. Div. 1966). The discrepancy between plaintiff's 1962 pretrial depositions and his trial testimony had been fully explored by Ava's counsel on more than one occasion. The judge, in ruling as he did, noted that there had been sufficient evidence adduced on the issue that Ava wished to pursue. We agree and find no abuse of discretion on the part of the trial court.
Ava further contends the trial court erred in denying its motion to strike the evidence regarding prior brake servicing and adjustments of the Ava vehicle, in permitting plaintiff's counsel to comment thereon, and in instructing the jury that such evidence could be considered in determining *525 whether the brakes were defective at the time of the accident. Ava's motion to strike was made after plaintiff had abandoned the negligence theory of his claim.
Ava argues that although this evidence might have been admissible on the abandoned negligence aspect of plaintiff's case, it was not relevant to plaintiff's breach of warranty claim, since the only pertinent inquiry on that count was whether the brakes were defective at the time of the accident. We agree with Ava's statement as to the pertinent factual issue. Cintrone v. Hertz Truck Leasing, etc., 45 N.J. 434, 451-452 (1965). However, we disagree with its argument that the controverted evidence was not relevant to that issue, for it could support a reasonable inference as to the condition of the brakes at the critical time. See Pabon v. Hackensack Auto Sales, Inc., 63 N.J. Super. 476 (App. Div. 1960).
The court instructed the jury that in order to hold Ava liable it had to find that there was a defect at the time of the accident and that the evidence as to prior service could be considered only insofar as it bore on that specific issue. This limiting charge cured any alleged improprieties in plaintiff's summation. We therefore hold Ava's contention to be without substance.
Finally, Ava argues that the denial of its motion for mistrial, following improper comments of plaintiff's counsel in his opening to the jury as to injuries suffered by plaintiff in accidents subsequent to the one here involved, constituted error. Although the reference by plaintiff's counsel, technically, may have exceeded the proper bounds of an opening, it does not rise to the heights of being prejudicial. The court carefully pointed out, in its charge, that plaintiff could recover only for the damages caused by the accident of April 4, 1961 and not for damages connected with any other accident. Additionally, even though plaintiff on direct did not testify as to these subsequent injuries, he was extensively cross-examined about them by Ava's counsel as well as *526 Sweets'. Upon the record, we find that the trial court did not abuse its discretion in denying the motion for a mistrial.
In sum, we conclude that plaintiff's judgment against Ava should be affirmed.

II
We next give consideration to Ava's contention that the trial court erred in granting judgment n.o.v. in favor of Sweets and against plaintiff on the ground of collateral estoppel.
Preliminarily, we hold that Ava has standing to appeal from this judgment. Ava moved to amend its answer to include a cross-claim for contribution against Sweets under the Joint Tortfeasors Contribution Law. Although this motion took place after the jury verdict against Ava and Sweets, it was made before the entry of the judgment n.o.v. in favor of Sweets. Thus, Donofrio v. Farr Lincoln Mercury, Inc., 54 N.J. Super. 500 (App. Div. 1959), relied upon by Sweets, is inapposite.
Examining the merits of the substantive question, we conclude upon the entire record that the trial court correctly determined that the doctrine of collateral estoppel was applicable to prevent a relitigation against Sweets of the same issues that had been determined adversely to plaintiff in the latter's prior suit against Ava, Ventre, Pan Atlantic and Mitchell. In that action plaintiff attempted to hold Mitchell and Ventre liable for Mitchell's negligent parking of the tractor-trailer, which plaintiff asserted to be the proximate cause of the accident. The causation issue was fully litigated therein and the jury resolved it by rendering a verdict of no cause of action in favor of Mitchell and Ventre.
Ava contends that the question considered in the earlier case is different from the one presently involved. It concedes that the relevant issue in the first action was whether the parking of the tractor-trailer constituted actionable negligence. However, Ava argues that the present case involves a different inquiry  whether Sweets should be liable for its *527 negligence in directing the manner in which the vehicle was parked.
The distinction that Ava attempts to draw lacks substance. Whether Sweets was negligent in giving the claimed instructions is immaterial unless it can be established that there was a causal relationship between its actions and the accident. This causal nexus could not be demonstrated without a determination being made that the parking of the tractor-trailer was a liability-imposing proximate cause of the event. This question was resolved adversely to plaintiff in the first suit and cannot be retried.
The fact that Sweets was not a party to the earlier litigation does not prevent it from now asserting the application of the doctrine of collateral estoppel against plaintiff. The question to be decided is whether a party has had his day in court on an issue, not whether he has had his day in court on that issue against a particular litigant. McAndrew v. Mularchuk, 38 N.J. 156, 161 (1962).
The criteria for determining who may assert a plea of collateral estoppel differ fundamentally from the criteria for determining against whom such a plea may be asserted. The doctrine cannot be raised against a litigant unless the latter was a party to the earlier litigation or in privity with a party thereto. However, one raising the plea of collateral estoppel need not have been a party, or in privity with a party, to the earlier proceeding. Coca-Cola Co. v. Pepsi-Cola Co., 6 W.W. Harr. 124, 36 Del. 124, 172 A. 260, 261-262 (Super. Ct. 1945). See also McAndrew, supra, 38 N.J., at p. 160.
Since Ettin was a party in the first suit, Sweets was entitled to utilize the doctrine of collateral estoppel to prevent the relitigation of issues already determined against plaintiff.
Our conclusion disposes not only of Ava's appeal from the judgment n.o.v. in favor of Sweets, but also renders plaintiff's cross-appeal from that judgment without merit.

*528 III
In view of the above determination, Sweets' cross-appeal is rendered moot.
Judgment affirmed.
SULLIVAN, S.J.A.D. (concurring).
I concur in the foregoing opinion except that I do not agree that the trial court erred in striking the defense of contributory negligence from plaintiff's breach of warranty action against Ava. I think the trial court correctly held that there was insufficient evidence in the case to present a jury question as to plaintiff's contributory negligence in the breach of warranty action. See Cintrone v. Hertz Truck Leasing etc., 45 N.J. 434 (1965); Maiorino v. Weco Products Co., 45 N.J. 570 (1965).
FOLEY, J.A.D. (concurring)
Judge Leonard concludes that the trial court erred in striking the defense of contributory negligence from plaintiff's breach of warranty action, citing Maiorino v. Weco Products Co., 45 N.J. 570 (1965). Judge Sullivan concludes that the proofs did not raise a jury issue of contributory negligence under the rule of Maiorino (which was a restatement of the rule first enunciated in Cintrone v. Hertz Truck Leasing etc., 45 N.J. 434 (1965) as applied to the proofs in the Maiorino case). I concur with the latter view and agree that the judgment should be affirmed for that reason.
Both of my colleagues hold that, assuming the trial court erred in withdrawing Ava's defense of contributory negligence from jury consideration, such error was not prejudicial. With this I disagree.
I am of the opinion that if Ava was entitled to have the issue submitted to the jury the court's refusal to do so was prejudical per se. Furthermore, I feel strongly that the resulting curtailment of Ava's attorney's summation was of substantial detriment. We cannot know what Ava's approach *529 would have been had the issue of contributory negligence remained in its case, nor can we know whether a summation by Ava's counsel on that issue would have emphasized its importance, or whether counsel's presentation would have been more convincing or persuasive than the remarks of Sweets' attorney. I feel that the deprivation of advocacy in relation to a critical issue in a case should not be glossed over because a reviewing court concludes that the result would have been the same had the error not been committed.