125 N.J. Super. 414 (1973)
311 A.2d 208
ROBERT A. DEVANEY, AN INFANT BY HIS GUARDIAN AD LITEM JOHN R. DEVANEY AND JOHN R. DEVANEY AND JEANNE DEVANEY, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
LOUIS SARNO, VOLKSWAGEN OF AMERICA, INC. AND CENTRAL VOLKSWAGEN, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1973.
Decided November 8, 1973.
*415 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Arthur C. Gundersdorf, attorney for appellants.
*416 Messrs. Crummy, O'Neill, Del Deo & Dolan, attorneys for respondent Volkswagen of America, Inc. (Messrs. Herzfeld and Rubin, P.C., of the New York Bar, of counsel).
Messrs. Gilady and Harwood, attorneys for respondent Central Volkswagen, Inc., filed a statement in lieu of brief.
The opinion of the court was delivered by HALPERN, P.J.A.D.
The salient facts in this controversy are fully and accurately set forth in the trial court's opinion, 122 N.J. Super. 99, and will be referred to herein only when necessary. The narrow issue before us is whether summary judgment was properly granted in favor of respondents. We have concluded it was not and reverse.
Plaintiffs' (referred to hereinafter as Devaney) suit against Louis Sarno was settled for $20,000. The suit continued against respondents Volkswagen of America, Inc. and Central Volkswagen, Inc., manufacturer and dealer, respectively, of the car sold to and driven by Devaney, sounding in negligence, breach of warranty and strict liability. While the complaint alleged negligence and breach of warranty, for our purposes we consider this suit to be based on strict liablity in tort. Devaney sought to recover for the increased extent of his injuries and damages because of the inadvisability of using the defective seat belt furnished for his car which would not unfasten in a normal way. The complaint was dismissed because the trial court determined that Devaney was guilty of contributory negligence as a matter of law in driving the car for pleasure with full knowledge of the defective seat belt, or had assumed the risk of doing so.
It is fundamental that a motion for summary judgment should be granted only if the pleadings, depositions and admissions on file show palpably that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, *417 73-75 (1954). Such motions are granted only with much caution, Devlin v. Surgent, 18 N.J. 148, 154 (1955) and where there are genuine disputed issues of fact, they must be resolved at a plenary hearing. Wilson v. Miller, 25 N.J. Super. 280, 289 (App. Div. 1953). In deciding whether a genuine issue as to any material fact exists, the moving papers and pleadings are considered most favorably to the party opposing the motion and all doubts are resolved against the movant. If there is the slightest doubt as to the facts, the motion should be denied. Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963); United Advertising Corp. v. Metuchen, 35 N.J. 193, 195-196 (1961).
The law in New Jersey, and throughout the country, has been developing rapidly in the field of breach of warranty and strict product liability in tort suits. The liability of manufacturers and distributors of defective products has been greatly enlarged. Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358 (1960); Prosser, "The Fall of the Citadel (Strict Liability to the Consumer)," 50 Minn. L. Rev. 791 (1960). The issue of whether contributory negligence or assumption of risk may be utilized as a defense in strict product liability tort suits has been the subject of a great deal of legal discussion. Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463, 474 (1969); see also the extensive annotation, "Products Liability: Contributory Negligence or Assumption of Risk as Defense Under Doctrine of Strict Liability in Tort," 46 A.L.R.3d 240 (1972). New Jersey has adopted the rule that contributory negligence is not available as a defense in a warranty or strict product liability tort suit where special circumstances exist, as in Bexiga v. Havir Mfg. Corp., 60 N.J. 402 (1972), or where the defect is not known to the owner or user. Ettin, supra, 53 N.J. at 472-473; 63 Am. Jur.2d, Products Liability, § 150 (1972). However, if the user knows of the defect, and voluntarily and unreasonably uses the product with realization of the danger, his conduct, whether termed contributory negligence in its "broad" *418 sense or assumption of risk (the dichotomy is merely a problem in semantics), will bar recovery. Maiorino v. Weco Products Co., 45 N.J. 570 (1965). This holding is in line with the Restatement, Torts 2d, § 402A (1965), and in particular Comment (n) at 356, which states:
n. Contributory negligence. Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of a risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery. [Emphasis added]
See also 2 Frumer and Friedman, Products Liability, § 16A[5] (f) (1973).
To enable respondents to use contributory negligence in its "broad" sense, to bar plaintiffs' suit as a matter of law, they had the burden of proving that Devaney voluntarily and unreasonably proceeded "to encounter a known danger." Admittedly, Devaney knew of the defective seat belt and, therefore, "voluntarily" proceeded to encounter a known risk if involved in an accident while driving. But can it be said, as a matter of law, that he "unreasonably" proceeded to encounter such a known risk? We think not  we believe it was a jury issue. See Ettin, supra, 53 N.J. at 474-475; Maiorino, supra, 45 N.J. at 575; Cintrone v. Hertz Truck Leasing, etc., 45 N.J. 434, 458-459 (1965); Ferraro v. Ford Motor Company, 423 Pa. 324, 223 A.2d 746 (Sup. Ct. 1966) (driving with knowledge of vehicle's defective wheels and accelerator pedal); Buttrick v. Arthur Lessard & Sons, Inc.. 110 N.H. 36, 260 A.2d 111 (Sup. Ct. 1969) (driving with knowledge of defective headlights). As indicated in 63 Am. Jur.2d, Products Liability, § 150 at 155, "It would *419 seem that the effectiveness of a defense based on continued use of the product with knowledge of the defect is ordinarily a matter for the jury, particularly if the use continues after assurances by the seller that continued use is safe." In the instant case, there is an inference that the dealer considered it safe for Devaney to continue to drive without a seat belt until replacement parts arrived. In any event, there is no indication Devaney was told not to drive pending replacement.
This is not the ordinary product liability suit wherein the defective product was the proximate cause of the accident. Nor does it fall within the line of cases where defendants raise the issue by way of defense that a driver's or a passenger's failure to use an available seat belt would have avoided the accident, Barry v. Coca Cola Co., 99 N.J. Super. 270 (Law Div. 1967); or that it would have avoided or lessened the severity of the injuries sustained.
Respondents did not install the seat belt to avoid a car accident  this was done to avoid or lessen serious injuries to the driver or passenger which might result from an accident. Thus there had to be an accident before the effect of the defective product came into play. Under such circumstances, it was for a jury to say whether Devaney, conscious of the risk of driving without a seat belt and the possibility of being involved in an accident, acted unreasonably in driving his car on the day in question. See Zentz v. Toop, 92 N.J. Super. 105 (App. Div. 1966), aff'd 50 N.J. 250 (1967). This is not a case where justice dictates that the defense of contributory negligence (in its broad sense) be unavailable to respondents. See Bexiga, supra, 60 N.J. at 412. However, the issue of contributory negligence (in its broad sense) should be left for the jury's determination.
Reversed and remanded for a plenary trial.