[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 24, 1995 at 10:23 p.m., the plaintiff, Theresa Gorman, was a front seat passenger in a vehicle owned and operated by her husband, the plaintiff, Raymond J. Gorman.
The Gormans' daughter, Melissa, was in the back seat of the vehicle secured by a child restraint seat.
The party was returning from North Salem, New York, where the family had enjoyed a Christmas Eve dinner with friends.
As the vehicle was proceeding northbound on Pembroke Road in Danbury, a vehicle operated by the defendant, Gilbert Guertin, Jr., emerged from a private driveway and collided with the Gorman vehicle, causing injuries to Theresa Gorman.
The defendant, Mazda Motor of America, Inc., was the distributor of the Gorman vehicle, a 1998 Mazda 323, which was used by the Gormans as a family car.
Theresa Gorman alleges that because she was not restrained by a seat belt at the time of the accident, she was thrown about the CT Page 14787 interior of the car, sustaining serious injuries.
The claimed injuries include a fracture of the right ankle, a fracture of the left tibial plateau, knee strain, cervical and lumbar strain, and mild traumatic brain injury.
The plaintiff insists that she did not buckle her seat belt during the drive from North Salem to Danbury, because she knew the seat belt was not working properly, and she was afraid she would be trapped in the seat.
The plaintiff relates two incidents predating the accident, the first on December 15, 1995, and the second on December 18, 1995, when friends used the seat belt, the latching mechanism malfunctioned, and the occupants became trapped for a period of time.
Theresa Gorman contends that her fear of using the seat belt was heightened because she was four months pregnant at the time.
Suit was instituted against the defendants, Gilbert Guertin, Jr., and Joan Guertin, owners of the vehicle, and against Mazda Motor of America, Inc.
The action was withdrawn as against the defendants, Gilbert Guertin and Joan Guertin, on November 14, 1997, following a settlement.
Three counts remain against the defendant, Mazda Motor of America, Inc., all initiated by Theresa Gorman pursuant to the Connecticut Products Liability Act.
She claims that Mazda Motor of America, Inc. is a product seller as defined by § 52-527m(a) of the Connecticut General Statutes, and/or a product manufacturer, as defined by §52-572m(e) of the General Statutes.
Each of the counts, negligence, breach of implied warranty and strict liability, allege a defect in the front passenger side seat belt.
The plaintiff, Raymond Gorman, brings, as to each count, a loss of consortium claim.
Mazda Motor of America, Inc. moves for summary judgment as to CT Page 14788 all counts, arguing as a matter of law that no duty was owed to the plaintiff, Theresa Gorman, based upon her voluntary decision not to wear a seat belt.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary evidence, including pleadings and affidavits, demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11 (1983); Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990). A material fact is defined as one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379 (1969).
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, supra, 380.
 A DUTY IS OWED BY MAZDA MOTOR OF AMERICA, INC. TO THERESA GORMAN
The determination of whether a duty exists is a question of law. Petriello v. Kalman, 215 Conn. 377, 382 (1990); Shore v.Stonington, 187 Conn. 147, 151 (1982).
It is therefore necessary to determine, based upon the allegations in the plaintiff's complaint and the evidence presented, whether a duty of care is established.
That determination requires a twofold analysis: (1) was the harm to the plaintiff reasonably foreseeable; and (2) as a matter of policy, should the defendant's responsibility extend to such results. Lodge v. Arett Sales Corp., 246 Conn. 563, 575-76
CT Page 14789 (1998); Jaworski v. Kiernan, 241 Conn. 399, 405-06 (1997).
The foreseeability of the plaintiff's injury must first be determined.
Foreseeability is a necessary component of duty, and the absence of foreseeability forecloses the existence of a duty of care. Frankovitch v. Burton, 185 Conn. 14, 20-21 (1981).
The test for foreseeability is, would the ordinary person in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered by the plaintiff was likely to result. Jaworski v.Kiernan, supra, 405; Noebel v. Housing Authority, 146 Conn. 197,200-201 (1959).
Here, it is clearly foreseeable that one not wearing a defective seat belt would be more seriously injured in an automobile accident than one using a properly functioning restraint.
Section 14-100a of the Connecticut General Statutes requires new passenger motor vehicles to contain seat belts, and sets standards for the product.
It is certainly foreseeable that one not wearing a seat belt is more likely to sustain a serious injury, than one who elects to "buckle up" in the language of the public relations campaign designed to encourage seat belt use.
A recall notice was sent by Mazda to the Gormans advising them of the fact that some front seat belts were defective.
Theresa Gorman stated that she always wore a seat belt, and that she made a conscious decision not to use the device on December 24, 1995, in light of the defective condition of the belt, and the recent experiences of two companions.
Based upon the facts presented, construed most favorably to the nonmoving party, the plaintiff's injury was reasonably foreseeable.
Having determined that the plaintiff's injury was a foreseeable consequence of the failure to utilize a defective seat belt, it is necessary to determine the extent of the duty to CT Page 14790 be imposed on the defendant.
Simply because a particular injury to a particular plaintiff is foreseeable, does not, in itself, create a duty of care.Waters v. Autuori, 236 Conn. 820, 827 (1996).
The final step in the inquiry is to determine whether the fundamental policy of the law should extend responsibility to the defendant for the injury. Jaworski v. Kiernan, supra, 406; RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 385-86 (1994).
The defendant argues that Lodge v. Arett Sales Corp., supra, mandates a finding that Mazda Motor of America, Inc. owes no duty to Theresa Gorman because she chose to travel unbelted in her vehicle. Mazda Motor claims that it could not have anticipated the plaintiff's decision to travel without fastening the defective belt, and imposing liability on Mazda Motor would serve no legitimate objective of law.
In Lodge, the court declined to impose liability upon an alarm company because a negligently caused fire alarm should not include the risk that an emergency vehicle will be negligently maintained, causing brake failure.
The facts presented here, however, are more directly analogous to the situations envisioned by the Lodge court, in which the negligent transmission of a fire alarm increases the road hazards attendant to the operation of emergency vehicles, because the danger of collision increases due to high speeds and congested streets. Lodge v. Arett Sales Corp., supra, 577-78.
Here, the defect in the seat belt rendered its use cumbersome, inconvenient, and potentially dangerous to a woman who was four months pregnant.
We are not faced with a situation involving a conscious bypass of a properly functioning safety device, by one who routinely eschewed safety precautions.
Theresa Gorman refused to use a device she knew to be defective. This is precisely the type of disincentive to utilize a device proven to reduce injuries, which permits extension of liability to the defendant, Mazda Motor of America, Inc., on the facts presented. CT Page 14791
The facts here are distinguished from Jaworski v. Kiernan, supra (no liability against one participant in a contact sport for negligently inflicting injury upon a co-participant) orWaters v. Autuori, supra (promulgation of accounting standards insufficient to impose duty running to an unknown third party).
Even in a case where the doctrine of assumption of the risk would serve as a bar to recovery, a New Jersey court found that whether a plaintiff who failed to use a defective seat belt could recover, presented a question of fact for the jury. Devaney v.Sarno, 125 N.J. Super. 414, 311 A.2d 208, 210 (1973).
Connecticut abolished the defense of assumption of the risk in 1973. Gomeau v. Forrest, 176 Conn. 523, 525 (1979). In lieu of the Draconian rule that assumption of the risk operates as a complete bar to recovery, Connecticut allows consideration of the factors relevant to assumption of the risk by the trier of fact, when assessing comparative negligence. Wendland v. RidgefieldConstruction Services, Inc., 190 Conn. 791, 797-98 (1983).
Simply because a duty between the plaintiff, Theresa Gorman, and Mazda Motor of American, Inc. is present, does not automatically require that any acts of the defendant were the proximate cause of Theresa Gorman's injuries.
A causal relation between a defendant's wrongful conduct and a plaintiff's injury must be established in order for the plaintiff to recover damages. Miranti v. Brookside ShoppingCenter, Inc., 159 Conn. 24, 27 (1969).
The test for proximate cause is whether the defendant's conduct was a substantial factor in bringing about the plaintiff's injury. Wu, Administrator v. Town of Fairfield,204 Conn. 435, 438 (1987); Boehm v. Kish, 201 Conn. 385, 391-92
(1986).
Conclusions regarding proximate cause are to be drawn by the jury not by the court. Fox v. Mason, 189 Conn. 484, 489 (1983);Doe v. Manheimer, 212 Conn. 748, 757 (1989).
In determining whether any acts of the defendant, Mazda Motor of America, Inc., were the proximate cause of the plaintiff's injuries, the trier of fact may properly consider such issues as the availability of another car for use by the plaintiff on December 24, 1995, the plaintiff's failure to sit in the back CT Page 14792 seat in light of the broken seat belt, whether the plaintiff's failure to fasten the defective belt was reasonable under the circumstances, and similar factual questions.
The resolution of those issues is, however, reserved for the jury as the trier of fact.
The motion for summary judgment of the defendant, Mazda Motor of America, Inc., is denied.
Radcliffe, J.