NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2445-15T3

EAGLE ROCK DRYWALL, L.L.C.,

 Plaintiff-Appellant,

v.

RIO VISTA HOMES, L.L.C., RIO
VISTA CONSTRUCTION, L.L.C.,
RIO VISTA HOMES AT NORTHVALE,
L.L.C. and JOHN MAVROUDIS,

 Defendants-Respondents.
__________________________________

RIO VISTA HOMES, L.L.C., RIO VISTA
CONSTRUCTION, L.L.C., RIO VISTA
HOMES AT NORTHVALE, L.L.C.,

 Third-Party Plaintiffs,

v.

ANDREW ROTHSCHILD,

 Third-Party Defendant.
_________________________________________________

 Submitted May 2, 2017 – Decided July 28, 2017

 Before Judges Messano and Grall.

 On appeal from the Superior Court of New
 Jersey, Law Division, Morris County, Docket
 No. L-877-12.
 Hilberth & McAlvanah, P.A., attorneys for
 appellant (Thomas R. Hilberth, on the brief).

 Mavroudis Law, L.L.C., attorneys for
 respondents (John M. Mavroudis, on the brief).

PER CURIAM

 Following a bench trial, the Law Division entered an order

for judgment in favor of defendants, Rio Vista Homes, L.L.C. (RV

Homes), Rio Vista Construction, L.L.C. (RV Construction), Rio

Vista Homes at Northvale, L.L.C. (RV Northvale), and John

Mavroudis, the managing member of those limited liability

corporations, dismissing the complaint of plaintiff Eagle Rock

Drywall L.L.C.1 We affirm the order under review, but clarify its

effect.

 I.

 It is necessary to explicate the tortuous procedural history

leading to trial to explain the legal arguments plaintiff now

raises.

 In 2012, plaintiff filed suit against RV Homes, RV

Construction and Mavroudis, seeking monies owed for subcontracting

work it performed at various locations. Plaintiff's complaint

1
 The order also dismissed defendants' counterclaim against
plaintiff and their third-party complaint against Andrew
Rothschild, plaintiff's managing member. Defendants filed no
cross-appeal from these provisions of the order for judgment.

 2 A-2445-15T3
included additional counts alleging fraud, intentional and

negligent interference with contractual rights, quantum meruit and

allegations intended to support piercing the corporate veils of

RV Homes and RV Construction and hold Mavroudis personally liable.

In February 2013, the parties entered into a written settlement

agreement (the agreement).2

 Defendants agreed to make monthly payments until the claimed

balance due was paid. The agreement specifically provided that

upon defendants' failure to cure any default in payments,

defendants' answer would be stricken. Defendants made three

payments before the check for the fourth payment was returned for

insufficient funds.

 Plaintiff then moved for judgment.3 The court entered

judgment in November 2013, specifically providing that it was not

entered against "Mavroudis, individually, as he did not sign [the

agreement]." The court also granted plaintiff's subsequent motion

seeking counsel fees as part of the judgment.

2
 The settlement agreement included only signature lines for RV
Homes and RV Construction, which Mavroudis signed as each entity's
managing member. In his decision, the trial judge stated "it was
stipulated" that all claims against Mavroudis were dismissed "at
the outset of the litigation." That is undisputed.
3
 The motion also sought to set aside a "consent order." There is
no consent order in the record, but we assume that was the
stipulation of settlement referenced in the agreement.

 3 A-2445-15T3
 In August 2014, plaintiff moved to set aside the judgment and

amend the complaint. Notably, plaintiff never sought to vacate

the agreement.

 Rothschild certified that during efforts to collect the

judgment, he learned RV Homes did not own the property where he

performed the work. Rather, RV Northvale, another company managed

by Mavroudis, "was the owner of all the properties for which

[plaintiff] performed work." Plaintiff attached copies of checks

for payments received under the agreement that were drawn upon RV

Northvale's account.

 RV Homes and RV Construction filed opposition, supported by

Mavroudis' certification. He denied that RV Northvale was the

common owner of all the properties. Instead, Mavroudis stated

that, from 2007 to 2013, plaintiff entered into subcontracts with

RV Homes and RV Construction as general contractors and was paid

more than $400,000 for the work it performed.

 Apparently without argument, the judge granted plaintiff's

motion, set aside the judgment and joined Northvale as an

additional defendant. His only ratio decidendi appears in the

following handwritten notation on the order: "The issue of whether

[RV] Northvale might be liable is not a proper subject for this

motion." Defendants moved for reconsideration, which plaintiff

opposed. Although there is no order in the record, the judge

 4 A-2445-15T3
apparently denied defendants' motion because plaintiff filed its

amended complaint, including the same causes of action as in the

original complaint and adding RV Northvale as a defendant. 4 The

court denied RV Northvale's motion to dismiss, defendants filed

an answer, counterclaim and third-party complaint against

Rothschild, and the matter proceeded to trial.

 Rothschild was plaintiff's only witness, and the judge

admitted various documents into evidence. Among other things,

Rothschild admitted that, although he had performed work for

Mavroudis on various properties over the years, he only signed one

contract, in March 2013 shortly after the agreement was executed,

for work on the "Adams" building (the Adams Contract), part of Rio

Vista Greens in Northvale. That contract was expressly between

plaintiff and RV Construction. Rothschild claimed that his wife

read him the contract because he had a limited understanding of

English. Rothschild claimed he never understood his prior oral

agreements were with different entities, but, rather, he assumed

Mavroudis was in control of all the RV properties and projects.

 Defendants moved for a directed verdict at the end of

plaintiff's case, and the judge granted the motion as to

4
 Although the amended complaint named Mavroudis as a defendant,
there was no count seeking to pierce the corporate veils, and the
complaint contained no factual allegations alleging Mavroudis' was
personally liable.

 5 A-2445-15T3
plaintiff's allegations of fraud and misrepresentation. Mavroudis

was the only witness produced by defendants, and the judge admitted

various documents into evidence during his testimony.

 Plaintiff and defendants submitted post-trial written

summations, and the judge subsequently issued an oral decision on

the record. He reiterated his mid-trial ruling dismissing those

counts in plaintiff's complaint alleging fraud and

misrepresentation, i.e., counts two, three and four. The judge

also concluded that count one of the complaint contained only

factual allegations and sought "no relief." He therefore limited

his decision to count five of the complaint which "sound[ed] in

quantum meruit."

 The judge initially reasoned that plaintiff's motion to

vacate the prior judgment "did nothing to affect the underlying

settlement of the prior litigation." He concluded, "the breach

of working agreement and contract or quasi contract claims asserted

by plaintiff in the present litigation against defendants, [RV]

Homes and [RV] Construction are virtually identical to the claims

asserted in the prior litigation and accordingly, the claims in

the present litigation are barred as to those defendants" by the

doctrine of res judicata.

 The judge further found Rothschild's testimony was not

credible, and "Rothschild clearly understood that his [only]

 6 A-2445-15T3
contractual relationship . . . was with [RV] Construction." The

judge added: "Fundamentally, the plaintiff failed to prove, by a

preponderance of the evidence that there was any contractual

relationship whatsoever, established with [RV] Northvale."

 Additionally, the judge concluded,

 the claims plaintiff asserts against [RV]
 Northvale were available to be asserted in the
 prior litigation. The principle of res
 judicata applies both to matters litigated and
 determined or settled . . . because that's a
 determination, by the parties and those which
 could have been presented but were not.

He also rejected plaintiff's argument that a lack of discovery

prevented it from raising the claims against RV Northvale prior

to settlement. He dismissed plaintiff's complaint and entered the

order under review.

 II.

 Plaintiff argues the judge improperly applied the doctrine

of res judicata to bar its claims against RV Northvale. It

contends the doctrine does not apply because it vacated the earlier

judgment secured against RV Homes and RV Construction and amended

its complaint before the second trial, so as to name all three

entities as defendants. We agree that the doctrine does not apply

to bar plaintiff's claims against RV Northvale.

 "The application of res judicata is a question of law" which

we review de novo. Walker v. Choudhary, 425 N.J. Super. 135, 151

 7 A-2445-15T3
(App. Div.) (quoting Selective Ins. Co. v. McAllister, 327 N.J.

Super. 168, 173 (App. Div.), certif. denied, 164 N.J. 188 (2000)),

certif. denied, 211 N.J. 274 (2012). The doctrine "serves the

purpose of providing 'finality and repose; prevention of needless

litigation; avoidance of duplication; reduction of unnecessary

burdens of time and expenses; elimination of conflicts, confusion

and uncertainty; and basic fairness[.]'" Wadeer v. N.J. Mfrs.

Ins. Co., 220 N.J. 591, 606 (2015) (quoting First Union Nat'l Bank

v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007)). "[W]hen a

controversy between parties is once fairly litigated and

determined it is no longer open to relitigation." Ibid. (quoting

Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435

(1960)).

 We have explained that for the doctrine to apply,

 (1) the judgment in the prior action must be
 valid, final, and on the merits; (2) the
 parties in the later action must be identical
 to or in privity with those in the prior
 action; and (3) the claim in the later action
 must grow out of the same transaction or
 occurrence as the claim in the earlier one.

 [Bondi v. Citigroup, Inc., 423 N.J. Super.
 377, 422 (App. Div. 2011) (emphasis added)
 (quoting Watkins v. Resorts Int'l Hotel and
 Casino, Inc., 124 N.J. 398, 412 (1991)),
 certif. denied, 210 N.J. 478 (2012).]

It is clear, and indeed it was RV Northvale's essential defense,

that the other defendants were different legal entities, and their

 8 A-2445-15T3
obligations to plaintiff were not RV Northvale's obligations. As

such, res judicata does not bar plaintiff's claims against RV

Northvale.5

 However, appeals are taken from orders and final judgments,

and not the reasoning employed by judges in reaching their

decisions. Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199

(2001). For the reasons explained in Part III, we affirm the

order as to RV Northvale because, in the end, the judge concluded

plaintiff failed to prove any of the claims made in its complaint

as to that defendant.

 We affirm the order as to RV Homes and RV Construction

because, even though plaintiff inexplicably vacated the judgment

against these entities, the agreement, which was never set aside,

is entitled to preclusive effect. Generally speaking, both res

judicata and collateral estoppel require the entry of a final

judgment on the merits in the previous action. Bondi, supra, 423

N.J. Super. at 422; see also Hennessey v. Winslow Twp., 183 N.J.

593, 599 (2005) (setting forth elements of collateral estoppel,

5
 Later in his decision, the judge determined plaintiff's claims
against RV Northvale were barred by "the doctrine of res judicata,
collateral estoppel and/or waiver." (Emphasis added). Plaintiff
does not specifically address collateral estoppel or waiver in its
brief. Because we are affirming for other reasons, there is no
need to address those issues.

 9 A-2445-15T3
including "the court in the prior proceeding issued a final

judgment on the merits") (citations omitted). "Obviously, once a

vacatur motion is granted, collateral estoppel will not apply,

because the requisite judgment on the merits will be lacking."

Perez v. Rent-A-Center, Inc., 186 N.J. 188, 200 (2006) (citing

Aetna Cas. & Sur. Co. v. Ply Gem Indus., Inc., 313 N.J. Super. 94,

107 (Law Div. 1997)), cert. denied, 549 U.S. 1115, 127 S. Ct. 984,

166 L. Ed. 2d 710 (2007).

 However, the Court has recognized that "the doctrine of

collateral estoppel applies whenever an action is 'sufficiently

firm to be accorded conclusive effect.'" Hills Dev. Co. v.

Bernards, 103 N.J. 1, 59 (1986) (quoting Restatement (Second) of

Judgments, § 13 at 132 (1982)). "Simply put, for collateral-

estoppel purposes, 'the question to be decided is whether a party

has had his day in court on an issue.'" State v. K.P.S., 221 N.J.

266, 278 (2015) (quoting McAndrew v. Mularchuk, 38 N.J. 156, 161

(1962)).

 Here, plaintiff had its day in court against RV Homes and RV

Construction and obtained a settlement of its claims. Both sides

relied on that settlement and began to perform, before plaintiff

obtained a judgment because of defendants' default. Despite the

order vacating that judgment, plaintiff was precluded from re-

litigating allegations against those two entities.

 10 A-2445-15T3
 We address briefly the impact of this conclusion. As noted,

plaintiff moved to vacate the judgment against RV Homes and RV

Construction based upon their breach of the agreement, but it

never sought to set aside the agreement reached with those

defendants. In their written summation, defendants argued that

in its amended complaint, plaintiff failed to assert any claim

under the agreement, but defendants never argued the agreement was

void or unenforceable.

 As a result, we wish to make clear that the agreement is

still in full force and effect, and plaintiff retains all its

rights thereunder.

 III.

 The balance of plaintiff's arguments addressed to the order

for judgment as to RV Northvale lack sufficient merit to warrant

extensive discussion in a written opinion. R. 2:11-3(e)(1)(E).

We address them briefly seriatim.

 Plaintiff argues Mavroudis, who admittedly no longer had any

ownership interest in RV Northvale at the time of trial, had "a

serious credibility issue," implying the judge should have

rejected his testimony and assumedly accepted Rothschild's. This

ignores the well-known standard guiding our review:

 Final determinations made by the trial court
 sitting in a non-jury case are subject to a
 limited and well-established scope of review:

 11 A-2445-15T3
 "we do not disturb the factual findings and
 legal conclusions of the trial judge unless
 we are convinced that they are so manifestly
 unsupported by or inconsistent with the
 competent, relevant and reasonably credible
 evidence as to offend the interests of
 justice[.]"

 [Seidman v. Clifton Sav. Bank, S.L.A., 205
 N.J. 150, 169 (2011) (quoting In re Trust
 Created By Agreement Dated December 20, 1961,
 ex. rel. Johnson, 194 N.J. 276, 284 (2008)
 (internal quotation marks omitted)).]

Moreover, "[b]ecause a trial court hears the case, sees and

observes the witnesses, and hears them testify, it has a better

perspective than a reviewing court in evaluating the veracity of

witnesses." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 412

(1998)).

 Plaintiff also contends the judge relied on specific lien

release language in the Adams Contract, which defendants urged

foreclosed any claim against RV Northvale. Importantly, in

rendering his decision, the judge specifically reached no

conclusion on the effect of the lien release language, nor do we.

 Plaintiff argues the judge erred in directing a verdict in

defendants' favor on those counts sounding in breach of the implied

covenant of good faith and fair dealing. Notably, none of the

counts in the original complaint or the amended complaint actually

contained such allegations, and, in his ruling, the judge never

referred to counts two, three and four as stating such a claim.

 12 A-2445-15T3
Nevertheless, in its summation, plaintiff argued the proofs

established a breach of the implied covenant of good faith and

fair dealing, and, for the sake of completeness, we address the

argument.

 "[E]very contract in New Jersey contains an implied covenant

of good faith and fair dealing." Sons of Thunder, Inc. v. Borden,

Inc., 148 N.J. 396, 420 (1997). "Neither party shall do anything

which will have the effect of destroying or injuring the right of

the other party to receive the fruits of the contract[.]"

Kalogeras v. 239 Broad Ave., L.L.C., 202 N.J. 349, 366 (2010)

(quoting Palisades Props, Inc. v. Brunetti, 44 N.J. 117, 130

(1965)). Here, however, there was no contract, written or oral,

between plaintiff and RV Northvale. McQuitty v. Gen. Dynamics

Corp., 204 N.J. Super. 514, 520 (App. Div. 1985) (finding that

"one cannot read additional terms," including a duty of good faith

and fair dealing, "into a non-existent contract").

 Finally, plaintiff contends the judge should have awarded

judgment in its favor on the theory that RV Northvale was unjustly

enriched. "To prove a claim for unjust enrichment, a party must

demonstrate that the opposing party 'received a benefit and that

retention of that benefit without payment would be unjust.'"

Thieme v. Aucoin-Thieme, 227 N.J. 269, 288 (2016) (quoting Illiadis

v. Wal-Mart Stores, Inc., 191 N.J. 88, 110 (2007)). "That quasi-

 13 A-2445-15T3
contract doctrine also 'requires that plaintiff show that it

expected remuneration from the defendant at the time it performed

or conferred a benefit on defendant and that the failure of

remuneration enriched defendant beyond its contractual rights.'"

Ibid. (emphasis added) (quoting Illiadis, supra, 191 N.J. at 110).

 Here, plaintiff admitted that it was paid for all the work

it supplied under the Adams Contract, and it only sought

remuneration on the unpaid balance for prior work from RV Northvale

because the checks it received under the settlement agreement were

drawn on RV Northvale's account. In other words, when it performed

the work upon which it based the claim, plaintiff never expected

remuneration from RV Northvale.

 Affirmed.

 14 A-2445-15T3