SAUNDRA DRAZIN AND ROBERT DRAZIN, PLAINTIFFS-APPELLANTS, v. DR. WILLIAM SHANIK AND DR. SOPHIA PREIKSTAS, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1979—Decided November 7, 1979.

Before Judges SEIDMAN, MICHELS and DEVINE.

*Mr. Dennis A. Drazin* argued the cause for appellants (*Messrs. Drazin* and *Warshaw,* attorneys; *Mr. Drazin* on the brief).

*Mr. Jay Scott MacNeill* argued the cause for respondent Dr. William Shanik (*Messrs. McDonough, Murray & Korn,* attorneys; *Ms. Susan P. Pope* on the brief).

*Mr. Richard A. Amdur* filed a brief on behalf of respondent Dr. Sophia Preikstas.

The opinion of the court was delivered by

SEIDMAN, P. J. A. D.

This appeal is from the dismissal of a medical malpractice complaint filed against two physicians. The dismissal, on the latters' separate motions, was based on a holding that plaintiffs were collaterally estopped from bringing the action by reason of a prior determination by Judge Selikoff in the Law Division that the claim was barred by the statute of limitations. *Drazin v. Ortho Pharmaceutical Corp.,* 148 *N.J.Super.* 56 (Law Div. 1977).

Plaintiff Saundra Drazin instituted suit against two manufacturers of oral contraceptives in January 1975 to recover damages for an artery occlusion suffered by her in December 1973, allegedly as a result of her use of the contraceptives. Her husband joined *per quod*. The theory of the lawsuit was that the drugs were negligently manufactured and that the pharmaceutical companies breached warranties of fitness for human consumption. Mrs. Drazin alleged that sometime in 1961 her physician, Dr. William Shanik, prescribed an oral contraceptive manufactured by Ortho Pharmaceutical Corp. She alleged further that she used the drug until 1973, when she came under the care of Dr. Sophia Preikstas, who recommended a change to another oral contraceptive, a product of Wyeth Laboratories, Inc.

In September 1976 plaintiffs moved to amend the complaint to add the two physicians as defendants. They asserted that they became aware for the first time in August of that year through a deposition taken of Dr. Shanik that both he and Dr. Preikstas had known the oral contraceptives to be inherently dangerous, but had failed to inform Mrs. Drazin of the risks involved. They sought to assert against the physicians a cause of action for medical malpractice. The motion was denied "with prejudice" on the ground, as stated above, that the statute of limitations had run. Plaintiffs' subsequent motion to us for leave to appeal was also denied. On February 8, 1977 a new complaint was filed against the two physicians. Thereafter, plaintiffs reached a settlement with the pharmaceutical companies and that action was dismissed on March 8, 1978. Motions to dismiss the present complaint were then filed and the decisions adverse to plaintiffs led to this appeal.

Plaintiffs complain first of error in the denial of their motion for leave to amend the initial complaint. They assert that the issue of the statute of limitations is an affirmative defense which must be pleaded and, therefore, should not have been resolved by the trial judge on his own motion without a hearing. They argue further that in a medical malpractice case a cause of

action does not accrue and the statute of limitations does not begin to run prior to the "discovery of the causal relationship between the negligent treatment and the injury which ensues."

Clearly, plaintiffs are attempting to use this appeal as a means of reviewing the correctness of the trial judge's ruling in a separate, albeit related, lawsuit. Their position is that the issue can be raised here because they "never had the opportunity to present the Statute of Limitations question to the Appellate Division." They are mistaken in that respect, for when plaintiffs' claim against the pharmaceutical companies was settled and the action dismissed, Judge Selikoff's order was no longer interlocutory. It then became appealable as of right under *R.* 2:2–3. Plaintiffs' recourse should have been a timely appeal. But, without waiting for a final disposition of that lawsuit, plaintiffs chose instead to institute their separate action against the physicians who, in their answers, raised among other things the defense of the statute of limitations.

On the matter of collateral estoppel the sole argument advanced by plaintiffs is that the doctrine does not apply "where the initial decision upon which reliance was placed was in error." They "now seek to have the question decided of whether or not Judge Selikoff erred in the *Drazin-v.-Ortho* Supra. [*sic*] case." The contention is plainly circuitous and in essence is the same as that contained in their first point. Our concern is not the correctness of Judge Selikoff's determination; whether it was right or wrong substantively or procedurally was properly the subject matter of an appeal. It is, rather, whether plaintiffs are collaterally estopped from litigating the issue again through the filing of a new complaint.

Collateral estoppel is that branch of the broader law of *res judicata* which bars relitigation of any issue which was actually determined in a prior action involving a different claim or cause of action. *State v. Gonzalez*, 75 *N.J.* 181, 186 (1977). Although generally the prior action is between the same parties, it need

not be. In *United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co.*, 74 *N.J.* 92, 101 (1977), the court quoted approvingly the proposition in *Restatement* 2d, *Judgments*, § 88 (Tent.Draft No. 2 (April 15, 1975)), that "[a] party precluded from relitigating an issue with an opposing party is also precluded from doing so with another person unless he lacked full and fair opportunity to litigate the issue in the first action or unless other circumstances justify affording him the opportunity to relitigate the issue."

The statute of limitations issue presented on the motion to dismiss the present complaint is identical to the one resolved by Judge Selikoff. While the physicians obviously were not named as parties in the earlier complaint, the proposed amendment dealt exclusively with them. The broad inquiry is thus whether plaintiffs have had their day in court on the issue, *cf. McAndrew v. Mularchuk*, 38 *N.J.* 156, 161 (1962), or whether factors exist which nonetheless may make the use of collateral estoppel in this case "either unjust or unproductive." *See State v. Gonzalez, supra* at 190.

Our careful review of the record satisfies us that no factors are present here which would justify according plaintiffs the opportunity to raise again the issue of whether their cause of action against the physicians is barred by the statute of limitations. All the facts known to plaintiffs at the time they sought the amendment were in the record before Judge Selikoff. Although the present complaint is more detailed in its allegations, the essential thrust is the same as that of the proposed amendment, namely, that the physicians "knew [the oral contraceptives] to be potentially unsafe but failed to inform her of the risks involved." 148 *N.J.Super.* at 58. In each instance plaintiffs endeavored to bring themselves within the so-called "discovery rule" first enunciated in *Fernandi v. Strully*, 35 *N.J.* 434 (1961), and later expanded in *Lopez v. Swyer*, 62 *N.J.* 267 (1973), by insisting that they were unaware of any possible cause of action against the physicians until the deposition was taken. As appears evident from his comprehensive opinion, Judge Selikoff

gave full and thorough consideration to those facts and contentions, concluding, for the reasons expressed in the opinion, that the cause of action against the proposed defendants "was not 'unknowable' nor was it undiscoverable 'by the exercise of reasonable diligence and intelligence.'" 148 *N.J.Super.* at 62. As we have intimated, we express no opinion on the merits of the determination. Any quarrel plaintiffs may have had with the result reached should have been aired and resolved in a direct appeal from the rejection of their amended complaint. Having failed to pursue that remedy, plaintiffs cannot now relitigate the issue. Their contentions on this appeal must therefore be rejected.

The judgments under review are affirmed.