**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2640-24

PAUL B. DALNOKY,

    Plaintiff-Appellant,

v.

THE ATLANTIC CITY BOARD
OF EDUCATION,[1] and ESS
NORTHEAST, LLC,

    Defendants-Respondents.

_____

Submitted January 7, 2026 – Decided January 26, 2026

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2532-24.

Paul B. Dalnoky, self-represented appellant.

---

[1] Plaintiff dismissed his claims against defendant The Atlantic City Board of Education after filing his notice of appeal. Based on a July 14, 2025 stipulation of dismissal with prejudice, The Atlantic City Board of Education is not participating on appeal.

Marshall Dennehey, PC, attorneys for respondent ESS Northeast, LLC (Ashley L. Toth and Walter F. Kawalec, III, of counsel and on the brief).

PER CURIAM

Plaintiff Paul B. Dalnoky appeals from an April 14, 2025 order dismissing his amended complaint filed in January 2025 against defendant ESS Northeast, LLC (ESS) with prejudice. We affirm.

Previously, plaintiff filed an October 2023 complaint and a February 2024 amended complaint against the same defendants asserting the same facts as alleged the complaint that is the subject of this appeal. In his 2024 amended complaint, plaintiff alleged ESS tortiously interfered with his contract to serve as a substitute teacher in the local school districts, violated the New Jersey Antitrust Act (Antitrust Act), N.J.S.A. 56:9-1 to -19, and intentionally inflicted emotional distress. See Dalnoky v. ESS Northeast, LLC, A-3261-23 (App. Div. Aug. 18, 2025) (slip op. at 4). ESS moved to dismiss plaintiff's complaint, which the judge converted to a motion for summary judgment. Ibid.

After considering the parties' written submissions and oral argument, in a May 10, 2024 order, the judge detailed his reasons for dismissing each count of plaintiff's 2024 amended complaint against ESS. Id. (slip op. at 4-5).

2

Plaintiff appealed, arguing he was denied "a reasonable opportunity to present all material pertinent to the summary judgment motion," that ESS failed to demonstrate there were no genuine issues of material fact, and that the judge "conducted an impermissible weighing of the evidence." Id. (slip op. at 6). We affirmed the judge's dismissal of plaintiff's claims against ESS. Id. (slip op. at 11).

While plaintiff pursued an appeal from the May 10, 2024 dismissal order, he filed a second complaint against ESS. In his January 2025 second complaint, plaintiff alleged ESS committed the same Antitrust Act violation as his first complaint. However, he claimed to seek only declaratory relief.

ESS moved to dismiss plaintiff's second complaint. The judge advised he would treat the matter as a motion for summary judgment because he considered material beyond the pleadings, including plaintiff's first complaint against ESS, the disposition of that case, and the Appellate Division filings related to plaintiff's appeal from the dismissal of his first complaint. Plaintiff received ample time to oppose ESS's motion and submitted papers in opposition to the motion.

After considering the parties' written submissions and oral arguments, in an April 14, 2025 order, the judge granted summary judgment in favor of ESS

A-2640-24

and dismissed plaintiff's second complaint with prejudice. The judge concluded plaintiff's second complaint asserted the same claims against the same parties as alleged in plaintiff's first complaint. Specifically, the judge found plaintiff's second complaint alleged ESS violated the Antitrust Act as was alleged in plaintiff's first complaint. According to the judge, the only distinction between plaintiff's first and second complaints was that plaintiff's second complaint alleged ESS violated the Antitrust Act under the 2022 renewal contract between ESS and The Atlantic City Board of Education. The judge held his May 2024 decision and order addressing plaintiff's Antitrust Act claim against ESS in the first complaint "[wa]s the law of the case . . . regardless of the year of the contract."

Further, the judge explained the entire controversy doctrine barred plaintiff's claim for declaratory relief in his second complaint. The judge found plaintiff should have asserted all claims against all parties in his first complaint and his failure to do so barred assertion of the same claims against the same parties in the second complaint.

Additionally, the judge concluded the claims in plaintiff's second complaint were barred by the doctrine of res judicata. Because plaintiff's claims against ESS asserted in the first complaint were litigated and adjudicated, the

judge held the same claims against the same party in plaintiff's second complaint were "no longer open to re-litigation."

Moreover, the judge determined plaintiff was collaterally estopped from asserting the claims in his second complaint. Plaintiff's first complaint named the same defendants as in the present litigation, asserted identical causes of action and facts, and resolved upon the entry of the May 10, 2024 order granting summary judgment to ESS and dismissing plaintiff's first complaint.

On appeal, plaintiff argues the judge erred in concluding he was properly served with a copy of ESS's motion papers. Further, plaintiff contends the submissions filed by ESS in support of its motion "were insufficient." Additionally, plaintiff claims the judge "failed to heed the clear mandates of Rule 4:6-2." Moreover, plaintiff asserts ESS cannot "prove any fact in its favor" and the judge failed to accord him all reasonable inferences. We reject these arguments.

We first address plaintiff's argument that the judge erred in finding he received notice of ESS's motion to dismiss. We disagree.

Based on the emails and other entries in the trial court's electronic filing system (eCourts), the judge concluded "plaintiff was served with [ESS]'s motion." "We will not disturb factual findings [by a trial judge] if they are

A-2640-24

supported by adequate, substantial, and credible evidence." <u>Bozzi v. Borough of Roselle Park</u>, 462 N.J. Super. 415, 425 (App. Div. 2020).

Having reviewed the record, we are satisfied there was ample evidence supporting the judge's finding that plaintiff received proper notice of ESS's motion to dismiss his second complaint. The judge noted ESS uploaded notice of its motion to eCourts on March 10, 2025, which generated an automated email notice to plaintiff. Plaintiff's email listed with eCourts was the same email address the trial court used previously to send plaintiff a link for oral argument. The judge also stated ESS's March 10 notice listed plaintiff's mailing address and indicated the motion was also sent "via certified mail to [plaintiff] at th[e] same address" as well as to plaintiff's email address. Further, the judge noted plaintiff acknowledged his affidavit in opposition to ESS's motion that he "receive[d] notification from the clerk electronically that the motion had been filed." On these facts, we are satisfied plaintiff was properly served with ESS's motion, he had ample time to submit material in opposition to the motion, and he did so.

We next consider whether the judge improperly relied on various documents after converting ESS's motion to dismiss into a motion for summary judgment, failed to recognize material factual disputes that should have

6

precluded summary judgment, and denied plaintiff a reasonable opportunity to present material relevant to the motion as required by Rule 4:6-2. We reject these arguments.

Rule 4:6-2, governing motions to dismiss for failure to state a claim, provides:

> If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R[ule] 4:46, and all parties shall be given reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such a motion.

"If the court considers evidence beyond the pleadings in a Rule 4:6-2(e) motion, that motion becomes a motion for summary judgment, and the court applies the standard of Rule 4:46." Dimitrakopoulos v. Borrus, Goldin, Foley, Hyman and Stahl, PC, 237 N.J. 91, 107 (2019) (citing Roa v. Roa, 200 N.J. 555, 562 (2010)).

"On appellate review, we apply the same Rule 4:46-2 standard that governs the trial court's decision." H.C. Equities, LP v. Cnty. of Union, 247 N.J. 366, 380 (2021) (citing Allen v. Cape May Cnty., 246 N.J. 275, 288 (2021)). "We construe the evidence in the light most favorable to the non-moving party, and affirm the entry of summary judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

7

show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting R. 4:46-2(c)).

Rule 4:46-2(a) provides that motions for summary judgment "shall be served with a brief and a separate statement of material facts" that "shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue." "A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts." R. 4:46-2(a) (emphasis added).

ESS's motion to dismiss was subsequently converted by the judge to a motion for summary judgment. Thus, ESS had no obligation at the time it filed its motion under Rule 4:6-2 to attach a separate statement of material facts.

Moreover, the judge concluded there were no material disputed facts necessitating filing of a statement of material facts. Significantly, the same judge reviewed and decided the summary judgment motion filed by ESS seeking dismissal of plaintiff's first complaint. Based on his familiarity with plaintiff's first and second complaints, as well as the judge's review of the documents supporting ESS's motion to dismiss the second complaint, the judge held

plaintiff was precluded as a matter of law from relitigating the same claims against the same parties as alleged in plaintiff's first complaint.

We also reject plaintiff's argument that the judge should have allowed discovery before deciding ESS's motion for summary judgment. We are satisfied that no discovery would alter the undisputed facts. The judge dismissed plaintiff's first complaint as a matter of law. He then determined the allegations in plaintiff's second complaint, asserting the same claims against the same parties, was precluded as a matter of law under the entire controversy doctrine, res judicata, and collateral estoppel.

We next consider plaintiff's arguments that the judge erred in applying the entire controversy doctrine, res judicata, and collateral estoppel to bar his second complaint. We reject these arguments.

The entire controversy doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court." Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). Rule 4:30A provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." The entire

A-2640-24

controversy doctrine requires joinder of claims that "'arise from related facts or the same transaction or series of transactions' but need not share common legal theories." Bank Leumi USA v. Kloss, 243 N.J. 218, 226 (2020) (quoting Dimitrakopoulos, 237 N.J. at 119). Parties are barred from relitigating claims that arise from the same facts as earlier litigation even if those precise claims were not actually litigated.

"Res judicata, like the entire controversy doctrine, serves the purpose of providing 'finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness[.]'" Wadeer, 220 N.J. at 606 (alterations in original) (quoting First Union Nat'l Bank v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007) (internal quotation marks omitted)). Res judicata "contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation." Ibid. (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). "Application of res judicata 'requires substantially similar or identical causes of action and issues, parties, and relief sought,' as well as a final judgment." Ibid. (quoting Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989)). Courts assess the similarity of causes of action by considering:

(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

[Id. at 606-07 (quoting Culver, 115 N.J. at 461-62).]

"Collateral estoppel bars 'the relitigation of an issue that has already been litigated and resolved in a prior proceeding.'" In re Liquidation of Integrity Ins. Co./Celotex Asbestos Tr., 214 N.J. 51, 67 (2013) (quoting Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998)). "[T]he application of collateral estoppel is an issue of law to be determined by a judge in the second proceeding after giving appropriate weight to the factors bearing upon the issues." Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000) (citing Colucci v. Thomas Nicol Asphalt Co., 194 N.J. Super. 510, 518 (App. Div. 1984)). To invoke the doctrine of collateral estoppel to preclude subsequent litigation, a party must demonstrate:

(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom

11

the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

[Penn Salem Marina, 190 N.J. at 352 (quoting Henessey v. Winslow Twp., 183 N.J. 593, 599 (2005)).]

Plaintiff contends the entire controversy doctrine, res judicata, and collateral estoppel are inapplicable because his second complaint seeks declaratory relief rather than monetary damages or injunctive relief as he requested in his first complaint. However, "[t]he entire controversy doctrine does not require commonality of legal issues." DiTrolio v. Antiles, 142 N.J. 253, 271 (1995). "Rather, the determinative consideration is whether distinct claims are aspects of a single larger controversy because they arise from interrelated facts." Ibid. New Jersey case law has "long recognized that the same set of facts can give rise to discrete causes of action and different kinds of relief." Ibid.

Plaintiff's second complaint raises the identical legal issue under the Antitrust Act regarding the same contract, now renewed, against the same party, ESS. The motion judge dismissed plaintiff's first complaint on statute of limitations grounds. We affirmed the dismissal of plaintiff's first complaint. If plaintiff sought declaratory relief against ESS under the entire controversy doctrine, he was required to request such relief in his prior litigation. Plaintiff

12

did not do so. Thus, Rule 4:30A precludes plaintiff from seeking such relief now.

Res judicata applies as well because plaintiff's Antitrust Act claim in his second complaint is "substantially similar or identical" to his Antitrust Act claim in his first complaint. Wadeer, 220 N.J. at 606 (quoting Culver, 115 N.J. at 460). Plaintiff alleges the same contract to be illegal under the same statute for the same reasons. The only difference between the two actions is the relief sought. Under the circumstances, the entire controversy doctrine, which is a broader and more preclusive doctrine than res judicata, applies. Bank Leumi, 243 N.J. at 227.

Collateral estoppel also bars plaintiff from relitigating issues concerning the applicability of the statute of limitations to bar his claims. Plaintiff argues collateral estoppel does not apply because "there was no determination made upon the merits" of his Antitrust Act claim since summary judgment for ESS dismissing plaintiff's first complaint was based on the application of the statute of limitations. However, collateral estoppel applies to judicial decisions finding a litigant's claims are barred by the statute of limitations. See Drazin v. Shanik, 171 N.J. Super. 76, 79-80 (App. Div. 1979) (finding plaintiffs collaterally

estopped from "rais[ing] again the issue of whether their cause of action against the [defendants] is barred by the statute of limitations").

Plaintiff believed the motion judge's application of the statute of limitations to bar the claims in his first complaint was legally incorrect and he appealed that decision. We affirmed the dismissal of plaintiff's first complaint based on the judge's correct application of the statute of limitations.

If plaintiff believed our affirming the judge's dismissal of his first complaint was legally incorrect, he could have filed a petition for certification with the New Jersey Supreme Court. However, plaintiff did not pursue that course of action. "Having failed to pursue that remedy, plaintiff[] cannot now relitigate the issue." Drazin, 171 N.J. Super. at 81.

Having reviewed the record, we are satisfied plaintiff's second complaint against ESS is barred by the entire controversy doctrine, res judicata, and collateral estoppel.

To the extent we have not addressed any of plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2640-24